GEO. W. BEMIS, PLAINTIFF IN ERROR, v. JOSEPH W. GANNETT, DEFENDANT IN ERROR.

**Action on Injunction Bond.** The ground of the injunction cannot be inquired into in a suit upon the injunction bond. The court in which the injunction suit is tried must determine whether the injunction was properly or improperly issued, and after such determination by a final disposition of the case, and not before, does an action lie on the bond.

ERROR from the district court of Douglas county.

*Redick & Connell,* for plaintiff in error.

We contend that this action could be maintained, even if the case of *Wren v. Bemis* had already been decided in favor of Wren, for under the facts set forth in the petition, Bemis was entitled to possession without reference to who held the legal title. Freeman on Executions, sec. 475. *Wetherbee v. Dunn,* 36 Cal., 157. *Luse v. Clark,* 34 Cal., 664. *Mayne v. Jones,* 34 Cal., 483.

*George W. Ambrose,* for defendant in error, cited High on Injunctions, sec. 981. *Gray v. Viers,* 33 Md., 159. *Sherman v. N. Y. Mills,* 11 How. Pr., 269. *Hicks v. Southwick,* 12 How. Pr., 170. *Dunkin v. Lawrence,* 1 Barb., 447. Gannett was a surety, and is liable only according to the express terms of the bond. *Hall v. Williamson,* 9 Ohio St., 17.

COBB, J.

This is an action on an injunction bond executed by the defendant in error in the case of *Hattie C. Wren v. George P. Bemis,* plaintiff in error. It appears upon the face of the petition that the said action was, at the commencement of this action, still pending and undetermined in the court below, but that the temporary injunc-

tion upon which said bond had been executed had been dissolved upon a showing upon affidavits. The defendant in error demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action, and for a defect of parties plaintiff. The court sustained the demurrer and rendered a final judgment thereon, to reverse which the plaintiff brings the case to this court on petition in error.

It is conceded that upon the authorities and upon general principles an action cannot be maintained upon an injunction bond until the final determination of the suit in which such bond is given, but the plaintiff in error makes the point that the petition states a case which is admitted by the demurrer, and which shows that the plaintiff in said action cannot possibly recover, and that hence he is not obliged to wait until that suit is finally determined before suing for his damages sustained by reason of the issuance of said injunction.

It may be conceded that in this case the defendant, by interposing a general demurrer to the plaintiff's petition, admits all the facts therein which are well pleaded, yet in the original case which is now pending in the court below the same facts, if set up in an answer to the petition therein, may be denied and disproved, and that case decided in favor of the plaintiff therein, and her injunction reinstated and made perpetual. This court has not nor can it have—for the purposes of this case—the record in the original suit before it. Indeed it may be that no issue in that case has been made, and if it has it may be materially changed by amendments before the trial and final determination, and even if it were possible for this court to look into the merits of such original case, for the purposes of this case, it would be obviously improper for it to do so. For the purpose of fixing the liability of the parties to the bond the court below alone has the right to

look into the merits of the suit in which it was given, and until it does so and renders final judgment thereon, or until the case is finally determined in some manner known to the law, no action can be maintained on the bond. See *Dowling v. Polack*, 18 Cal., 626. The judgment must be affirmed.

JUDGMENT AFFIRMED.