E. J. Reddick v. John T. Webb, Claiborne Collins and
B. F. Kirby.

(Filed September 2, 1897.)

Pleading—*Action on Injunction Bond—Sufficiency of Petition.* Where, in an action on an injunction bond, plaintiff's amended petition shows that no action wherein said injunction bond purports to have been given had been commenced at the time of the execution of same, and that neither of the two necessary steps in the commencement of an action had been taken at said time and was never taken subsequently thereto, and, even conceding that the petition shows the first of the two necessary steps in the commencement of an action to have been performed, said petition fails to show any final disposition of the entire cause or proceeding wherein such bond was given; it is not error for the trial court to sustain a general demurrer to said petition.

(Syllabus by the Court.)

*Error from the District Court of Paine County; before Frank Dale, District Judge.*

*Geo. P. Uhl,* for plaintiff in error.

No briefs filed for defendant in error.

### STATEMENT OF FACTS.

This is an action upon an injunction bond, brought by plaintiff in error against defendants in error, for damages alleged to have been sustained by reason of the wrongful issuance and service of a temporary order of mandatory injunction. The bond, which is set out in full in plaintiff's amended petition, omitting the caption and justification of sureties, is as follows:

"Whereas John T. Webb, the above named plaintiff, has commenced an action of injunction against said defendant and an order of injunction has been allowed in pursuance of the statute in such case made and provided.

"Now, therefore, if the order be wrongfully granted and allowed, we, John T. Webb, said plaintiff as principal, and C. Collins and B. F. Kirby, as sureties, undertake, promise and agree to and with said defendant that said plaintiff shall and will pay all costs that may be awarded to said defendant, and all damages he may sustain by reason of said injunction, not exceeding the sum of two hundred and fifty dollars.

JOHN T. WEBB,
CLAIBORNE COLLINS,
B. F. KIRBY."

The plaintiff further alleges in said petition "that afterwards, on the 31st day of January, 1895, a copy of said injunction order, duly certified by the clerk of the district court of Payne County, Oklahoma, and also by the sheriff of said county, was served on this plaintiff,

but no suit of any kind has ever yet been commenced or instituted by said Webb against this plaintiff in reference to said injunction other than as above stated, and as will hereafter herein appear, nor has this plaintiff ever been served with process of any kind to appear in any court to defend any action for or on account of the injunction order above referred to, nor has this plaintiff ever made any appearance in any such action in which the injunction order above referred to was issued, and no court in the Territory of Oklahoma has ever had any jurisdiction over this plaintiff in any such suit in regard to the injunction order above referred to, nor was any summons or other process of any kind or nature whatever (except the injunction order above referred to) ever issued and served upon this plaintiff in this action."

It is then alleged in plaintiff's said petition that "notwithstanding the fact that said Webb never began any suit against this plaintiff, as by law required, to entitle said Webb to an order of injunction, but solely and only by reason of the fact that said injunction order had been allowed by said judge and the giving of the bond hereinabove referred to," that the said Webb, on the 28th day of February, 1895, procured an order from the judge of said court requiring the plaintiff herein to show cause why he should not be punished for contempt; that said order was served on said plaintiff on the 1st day of March, 1895, and that plaintiff thereafter was compelled to employ an attorney and attend before the judge of said court on the 19th day of March, 1895, at which time the said contempt matter was continued to the first day of the May term of the district court of Payne County, O. T., the same being the 14th day of May, 1895, that on

said date the plaintiff herein procured a change of venue of said matter to Canadian County, O. T., and afterwards and "on the 24th day of June, 1895, said matter came on for hearing before the district court of Canadian county, Oklahoma, and the plaintiff was then and there compelled to send his attorney to Canadian county, Oklahoma, to defend him, this plaintiff, in the matter of said order, to show cause, etc., at great expense and outlay, and the said district court of Canadian county, on the hearing of said matter, dismissed the said order absolutely and exhonorated this plaintiff from any and all contemptuous or other unbecoming conduct, at the cost of said Webb, so that said order to show cause, etc., is wholly and entirely ended. Thereupon said defendant Webb abandoned his said entire proceeding in and about the said injunction order herein above referred to and never, in any manner, attempted to begin a suit as by law provided for the beginning of suits in the district courts of this Territory, but wholly and entirely abandoned the said injunction order and proceedings therewith connected, and afterwards, on the first day of July, 1895, filed another petition in the office of the clerk of the district court of Payne county, Oklahoma, and on the 11th day of July, 1895, obtained another order of injunction from said Judge Dale involving the same facts, the same land, and the same circumstances as the said petition and injunction order above referred, to, and in said last named cause said Webb caused to be issued a summons on the 27th day of July, as provided by the laws of this Territory, and this said last named action is now pending in the district court of Payne county, Oklahoma; and plaintiff states that by reason of the fact of the be-

ginning of said last action said injunction matter herein first above referred to is wholly and entirely abandoned and ended, so that the same cannot be revived or an action began therein. And plaintiff avers that said proceedings for contempt were wholly and entirely unwarranted by either the facts or the laws of this Territory, and that the same were malicious and unfounded, and plaintiff avers that said injunction order first herein above referred to would never have been served on this plaintiff as above stated, and said order to show cause, etc., would never have been obtained from said Judge Dale if said other defendants, Collier and Kirby, had not signed and executed the bond herein above refered to." Then plaintiff sets out an itemized statement of damages, aggregating the sum of $258, and prays judgment for $250, the amount of said injunction bond. To this amended petition the defendants interposed a general demurrer, which was sustained by the trial court, and, from the order sustaining said demurrer, plaintiff brings error.

Opinion of the court by

KEATON, J.: After a careful and somewhat extended consideration of the question involved in this case and an examination of such authorities as could be found bearing thereon, I have, with some degree of doubt and hesitation, finally arrived at the conclusion that this court cannot say the district court erred in sustaining the demurrer to the plaintiff's amended petition. Our statutes provide that "the injunction may be granted at the time of commencing the action, or any time afterwards, *    * upon its appearing satisfactory to the court or

judge, by the affidavit of the plaintiff, or his agent, that the plaintiff is entitled thereto." (Sec. 251 Procedure Civil. Okla. St. 1893.)

Counsel for plaintiff in this case seems to have taken particular pains to allege and reiterate in his said amended petition that no action had been commenced and, in fact, no steps taken necessary to the commencement thereof at the time the order of injunction complained of therein was granted, and the bond sued on executed, notwithstanding the bond itself recites that an action had been commenced and, consequently, the principal and sureties thereon would probably have been estopped from disputing this recital.

A civil action is commenced "by filing in the office of the clerk of the proper court a petition and causing summons to be issued thereon." (Sec. 57, Procedure Civil.) And I am of the opinion that, at least, the first of the two necessary steps in the commencement of an action must have been performed before the time of the commencement thereof could possibly be held to have arrived, and no court has authority to grant an injunction prior to "the time of commencing the action;" hence, if an injunctional order is granted and a bond executed to protect the defendant named therein from damages resulting because of the granting of said order, before either of these necessary steps in the commencement of an action has been taken, and neither of said steps are, subsequently thereto, taken, both the order and bond are, in my judgment, nullities and no right of action can ever accrue upon the latter.

Just such a state of facts is shown by the petition in this case, although there are certain averments following

the positive allegations that no action was ever commenced, in which said injunction bond could have been required, which might possibly, by inference, be construed to mean that a petition had, in fact, been filed before the execution of said bond.    But, while a general demurrer admits the truthfulness of all the material allegations of a pleading and under the liberal provisions of our civil code the common law rule, requiring that such allegations be construed most strongly against the pleader, is abolished, or, at least, modified to the extent of requiring them to "be liberally construed, with a view to substantial justice between the parties," (sec. 115,) yet the court cannot supply a necessary averment by inferences drawn from the other facts alleged, unless such averment must logically and necessarily be so inferred therefrom.    (*Carroll v. Swift*, [Ind.] 37 N. E. 1061; *Czezewska v. Railway Co.*, 121 Mo. 201, 25 S. W. 911; *Thompson & Son Mfg. Co. v. Perkins*, [Io.] 66 N. W. 874; *Thomas v. Sweet*, [Kan.] 14 Pac. 545.)

In the opinion of the case last cited, at page 553, it is said: "This form of pleading will not be permitted, and in this case, the pleading being attacked by demurrer, the rule is that its language is to be construed against the pleader."

One of the conditions recited therein, as an inducement for the execution of the bond sued on in this case, is that "plaintiff has commenced an action of injunction against said defendant, and an order of injunction has been allowed in pursuance of the statute in such case made and provided" and, at least, the sureties on an injunction bond can only be held liable in strict pursuance of the conditions thereof.    (See High on Injunction, 2nd Ed., secs. 1635 and 1636.)

But even if it were conceded that the amended petition in this case sufficiently shows the taking of the first necessary step in the commencement of an action, to-wit, the filing of a petition, it fails to show a final determination of the entire proceeding wherein the injunction order was granted and the bond executed and filed, which is absolutely necessary before a cause of action can accrue, upon the bond, in favor of the plaintiff herein. (*Dowling v. Polack*, 18 Cal. 626; *Fox v. Hudson*, 20 Kan. 246; *Mitchell v. Sullivan*, [Kan.] 1 Pac. 518.)

It is true that the plaintiff in this case alleges in his amended petition that the order, requiring him to show cause why he should not be punished for contempt in said pretended injunction proceeding, was dismissed and finally disposed of and that Webb, the moving party in said proceeding, abandoned same and commenced a new action, but these averments are not sufficient to show the final disposition of the whole case or proceeding; this can only be done by a judgment or order of the court, dismissing said entire cause or proceeding, or deciding same in favor of the defendant therein.

For the reasons stated, the order of the district court sustaining a demurrer to plaintiff's amended petition is affirmed and the cause remanded with directions that said petition be dismissed at plaintiff's cost.

Dale, C. J., who presided in the court below, not sitting; all the other Justices concurring.