## WILSON et al. v. BOARD OF COUNTY COM'RS OF TILLMAN COUNTY.

No. 4192—Opinion Filed Sept. 18, 1917.

(167 Pac. 754.)

(Syllabus by the Court.)

**Injunction—Action on Bond—Sufficiency of Petition.**

In an action brought to recover damages against the principals and sureties on an injunction bond given pursuant to section 4877, Rev. Laws 1910, a petition which simply alleges that on a hearing in the original suit before the district judge, the temporary injunction was dissolved, is insufficient against a general demurrer. It must appear from the averments of the petition that it had finally been decided in said suit that the injunction ought not to have been granted.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by the Board of County Commissioners of Tillman County against L. F. Wilson and C. W. Morgan, partners, doing business as Wilson & Morgan, and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with directions.

Mounts & Davis, Gray & McVay, and Chas. L. Moore, for plaintiffs in error.

H. P. McGuire, for defendant in error.

SHARP, C. J. Plaintiff's action is to recover damages of the principals and sureties on an injunction bond. The petition charged that on hearing had before the district judge

in the original suit, the temporary injunction was dissolved. It did not allege a final judgment of the district court of Tillman county, or that it was finally decided that the injunction ought not to have been granted. The defendants demurred to the petition, one of the grounds thereof being that the petition did not state facts sufficient in the law to constitute a cause of action. The demurrer being overruled, after issues joined, the case was called for trial, and the defendants objected to the introduction of any evidence, one of the reasons assigned being that the petition failed to state a cause of action in favor of plaintiff and against defendants. The bond upon which the action by the board of county commissioners was predicated is that required of a plaintiff under section 4877, Rev. Laws 1910. Its purpose was to secure to the party injured the damages sustained, including reasonable attorney's fees, if it finally be decided that the injunction ought not to have been granted. If, then, damages may be recovered only when there has been a final judgment or decree that the injunction should not have been granted, it was necessary to a statement of a cause of action in plaintiff's behalf that the suit in which the injunction bond was given, had so terminated; and it was not sufficient to merely allege that on hearing before a district judge the temporary injunction was dissolved. Until a final decision of the case, no cause of action accrued in favor of those to whom, or for whom, the bond was executed. It was so held in Reddick v. Webb, 6 Okla. 392, 50 Pac. 363, in which the court, referring to the amended petition, said:

"It fails to show a final determination of the entire proceeding wherein the injunction order was granted and the bond executed and filed, which is absolutely necessary before a cause of action can accrue, upon the bond, in favor of the plaintiff herein."

A well-considered case squarely in point is Brown et al. v. Galena Mining & Smelting Co. et al., 32 Kan. 528, 4 Pac. 1013. There, as here, the temporary injunction had been dissolved, and it was held that a right of action did not accrue on an undertaking of the character in question until a final judgment was rendered in the suit in which it was issued, and that an action commenced on such undertaking before such entry of judgment was prematurely brought and could not be maintained. Attention was called to the language of the statute, which in respect to the question at hand is identical with our own, and it was said:

"The final judgment in cases of this kind is the final decision which determines the

question whether the injunction ought, or ought not, to have been granted (Bemis v. Gannett, 8 Neb. 236), and a final judgment is one which finally decides and disposes of the whole merits of the case, and reserves no further question or directions for the future judgment of the court."

Also, further on in the opinion:

"If the theory that the dissolution of the injunction is a decision that the injunction ought not to have been granted, as contended for by the defendants, is the true theory, then a right of action accrues, and suit may be maintained upon the undertaking on the dissolution of the temporary injunction, no matter what may be the final result of the suit, and a judgment may be rendered on the undertaking, although the court, by its final decision, decides that the temporary injunction was properly granted."

The rule announced is supported by many authorities, and is, we think, in consonance with the meaning and purpose of the statute. Not only the statute, but the bond in pursuance of which it was given, makes a final determination of the suit a prerequisite to an action thereon. Because of the error of the trial court in overruling the defendants' demurrer to plaintiff's petition, the judgment is reversed, and the cause remanded, with instruction to permit plaintiffs to file an amended petition, if desired.

All the Justices concur.