E. A. WILDER v. STATE ex rel. SEAVER, County Attorney.

No. A-4332.   Opinion Filed April 17, 1924.
(225 Pac. 557.)

(Syllabus.)

1.  Injunction—Temporary Writ not Operative Until Service of Summons—Obligatory Subsequent to Issuance of Summons, Though Served Previously. On September 13, 1921, on a duly verified petition, the district court of Tulsa county issued a temporary writ of injunction against this plaintiff in error, based on section 7022, Compiled Statutes 1921, relating to the abatement of liquor nuisances. The temporary writ was served on plaintiff in error personally on September 14, 1921; on September 28, 1921, a summons was issued, and on the 4th day of October, 1921, the summons was served on a codefendant. On the 21st day of October, 1921, a verified accusation for contempt of court for violating the terms of said temporary injunction was filed, charging violations thereof by this plaintiff in error on the 15th and 16th days of October, 1921. Citation was immediately issued and served on plaintiff in error to appear and show cause why he should not be held in contempt of court

for violating the terms of said temporary injunction. **On October 26, 1921,** plaintiff in error appeared, was arraigned in open court, and entered a plea of "not guilty" to said accusation. Thereafter on November 8, 1921, after a change of judge had been granted to plaintiff in error, the cause proceeded regularly to trial before the court and a jury. Thereafter the jury returned into court a verdict of guilty, and fixed the punishment at the maximum provided by the statute. The plaintiff in error on appeal contends that because no summons was issued in the action on September 13, 1921, the date on which the temporary writ of injunction was issued, the court was without jurisdiction to issue an order of attachment based on a violation thereof. Held, that the issuance of the temporary writ of injunction without issuance of summons was an irregularity and that the writ did not become operative until the action was commenced by the issuance of summons. Held further, that the temporary writ of injunction, having been issued and served upon plaintiff in error prior to the issuance of summons, it became and was obligatory upon him from the time of the issuance of summons, until dissolved, as to all violations of the order of injunction occurring subsequent to the issuance of summons.

2. **Discussion of Law of Injunction.** For a full discussion of the reasons for the holdings in syllabus No. 1, see body of opinion.

Appeal from District Court, Tulsa County; Albert C. Hunt, Judge.

E. A. Wilder was convicted of contempt of court, and he appeals. Affirmed.

On the 13th day of September, 1921, the state of Oklahoma, on the relation of W. F. Seaver, county attorney of Tulsa county, commenced an action against the above-named plaintiff in error and one Otto Greenwood by filing in the district court of Tulsa county, Okla., a petition for an in-injunction against the said Wilder and the said Greenwood as owners and proprietors of a certain frame building used as a residence and dance hall combined, located about one mile north and a little east of Oakhurst, in said county, and known as Pistol Hill. The petition for the writ of injunction is lengthy and is based on section 7022, Compiled Statutes 1921,

providing, among other things, for the abatement of what is commonly called a liquor nuisance. Among other allegations of the petition are these: That the place is kept and operated for the purpose of manufacturing, selling, bartering, giving away, and otherwise furnishing intoxicating, spirituous, vinous, fermented, and malt liquors, and that said premises are and have been a place where divers persons are permitted to congregate, assemble, and resort for the purpose of there drinking intoxicating liquors, that the premises are fitted up with all the necessary vessels and appurtenances for such purposes, and that the defendants jointly keep, carry on, and maintain said premises to the common nuisance of the public, etc.

The petition further asks that upon filing the petition a written notice shall be served upon defendant and that a hearing before said court will be had within three days, at which time said defendants may appear and show cause why a temporary writ of injunction should not be issued against said defendants on the property above described.

The petition was verified by the affidavits of W. L. Coffey, assistant county attorney, E. H. Robins, a police officer, and A. M. Langley, another police officer of Tulsa county.

Petitioner further demanded judgment that the said building and premises described be declared a common nuisance, and that the sheriff or his lawful deputy, or a peace officer of the state of Oklahoma, be directed to abate and suppress such place by immediately and forthwith entering into and retaining possession thereof and closing and shutting up the same, and by securely padlocking the doors and entrances thereto and retaining the keys of such padlocks and by taking possession of all intoxicating liquors found therein and all other property and paraphernalia used in maintaining and operating such common nuisance, etc.

Plaintiff further demands that, until a final hearing be had, a temporary writ of injunction be issued against defendants, and each of them, against their agents, employes, etc., enjoining and restraining them, their employes, etc., and each of them from permitting persons to resort, assemble at, in, or upon said premises for the purpose of drinking intoxicating liquors and for the purpose of manufacturing, bartering, and selling the same, etc., and further demanded that upon final hearing the writ be made permanent and perpetual, and that said building and premises be declared a common nuisance and ordered abated and suppressed pursuant to the statutes, etc.

Thereafter, on the 14th day of September, 1921, a temporary writ of injunction was served, and the premises securely locked up and fastened, as prayed for.

Thereafter on the 28th day of September, 1921, a praecipe for the issuance of a summons to the defendants was filed and summons issued and placed in the hands of the sheriff for service and returnable on the 7th day of October, 1921, requiring the defendants to answer said petition on or before the 27th day of October, 1921. Thereafter on the 6th day of October, 1921, the sheriff made a return of said summons as follows: Served the same upon Otto Greenwood October 4, 1921, by delivery personally, a true and certified copy of the within summons, with all indorsements thereon. Defendant Shorty Wilder not found in said county.

Thereafter on the 21st day of October, 1921, there was filed in said cause an accusation for contempt of court, which accusation, among other things, alleged: That on the 13th day of September, 1921, a temporary injunction was issued against the defendants, and each of them, by the Honorable W. B. Williams, one of the judges of the district court of Tulsa county, and that the said temporary writ of injunction was,

on the ———— day of September, 1921, duly and regularly served on said defendants, and a copy of said temporary writ so issued and the return of the sheriff of Tulsa county indorsed thereon showing service thereof, being attached and marked Exhibit A, and made a part of the accusation. That after issuance and service of said temporary writ of injunction, as aforesaid, the said defendants, and each of them, did on and prior to the 17th day of October, 1921, and especially on the 15th and 16th days of October, 1921, violate the terms, mandates, and conditions of said temporary writ of injunction in the manner and form as follows, to wit: That defendants after the service of said temporary writ and prior to the filing of the accusation, and especially on the 15th and 16th days of October, 1921, did then and there reopen the said building and permit persons to resort and assemble at, in, upon, and about said premises, and did permit numerous and divers persons, unknown to informant, to congregate and resort at, in, upon, and about said premises for the purpose of drinking, purchasing, trafficking, and dealing in intoxicating liquors as a beverage, etc., and that on the morning of the 16th day of October, 1921, said premises were raided by the deputy sheriff and other officers and whisky was found in and upon said premises, and a large number of men and women was assembled in and upon said premises in an intoxicated condition and engaged in gambling games, etc., and that the said defendant Shorty Wilder was then and there present in person, in and upon said premises, ostensibly in charge thereof as proprietor, all of which was then and there in violation of the terms, mandates, and conditions of said temporary writ of injunction, and in flagrant contempt of this court. Wherefore plaintiff prayed that an attachment issue, directed to the sheriff, ordering and commanding him forthwith to attach and bring the bodies of the said Shorty Wilder and Otto Greenwood before the court to show cause why they should

not be adjudged guilty of contempt and dealt with as by law provided in such cases.

Said accusation was positively verified.

Thereafter on the 21st day of October, 1921, the court made an order that attachment issue for said defendants as directed.

The case-made contains no record of the issuance and service of the writ of attachment, but it appears from the minutes of the court clerk in said cause that on the 26th day of October, 1921, the defendants were arraigned in open court and each entered a plea of not guilty to said accusation, and that the cause was set for hearing for Tuesday, November 8, 1921, at 9 a. m., and defendants were each furnished with a copy of the accusation and their bonds fixed at $1,000 each; that thereafter this plaintiff in error, Wilder, was released on bond; that thereafter on the 8th day of November, 1921, there was filed in said action by the defendant E. A. Willder, or "Shorty" Wilder, a motion for a change of judge; that thereafter on said day the motion was heard and sustained; that thereafter the proceedings in this case were had before the Honorable Albert C. Hunt, one of the district judges of Tulsa county; that immediately thereafter the cause proceeded regularly for trial, and a jury was called and examined and sworn, and the state introduced its evidence, and the defendant introduced his evidence, and both rested. The court instructed the jury, and the jury returned a verdict of guilty, and fixed the punishment at six months in jail and a fine of $500.

It is unnecessary to enter into a discussion of the evidence. It is not contended that the evidence on the part of the state does not disclose a clear violation of this temporary writ of injunction on the 15th and 16th days of October, 1921.

George W. Boone, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J. (after stating the facts as above). It is first contended that because no summons was issued in this action on the 13th day of September, 1921, the date on which the temporary order of injunction was issued, the court was without jurisdiction to issue an order for attachment based on a violation thereof.

This proceeding is based upon section 7022, Compiled Statutes 1921, which reads as follows:

"All places where any spirituous, vinous, fermented or malt liquors, or any imitation thereof, or substitute therefor; or any malt liquors or compounds of any kind or description whatsoever, whether medicated or not, which contain as much as one-half of one per centum of alcohol, measured by volume, and which is capable of being used as a beverage, except preparations compounded by any licensed pharmacist, the sale of which would not subject him to the payment of the special tax required by the laws of the United States; is manufactured, sold, bartered, given away, or otherwise furnished in violation of any provision of this act; and all places where any such liquor is kept or possessed by any person in violation of any provision of this act; and all places where persons congregate or resort for the purpose of drinking any such liquor, are hereby declared to be public nuisances, and upon the judgment of any court of record finding such place to be a nuisance under this section, the sheriff, his deputy, or undersheriff, or any constable of the proper county, or marshal or police of any city where the same is located, shall be directed to shut up and abate such place by taking possession thereof and destroying all liquors found therein, the keeping or sale of which is prohibited by this act, together with all signs, screens, bars, bottles, glasses, and other property used in keeping and maintaining said nuisance; and the owner or keeper thereof shall, upon conviction, be adjudged guilty of

maintaining a public nuisance, and shall be punished by a fine of not less than fifty dollars nor more than five hundred dollars, and by imprisonment in the county jail not less than thirty days nor more than six months. The Attorney General, county attorney, or any officer charged with the enforcement of any of the provisions of this act, of the county where such nuisance exists, or is kept, or is maintained, may maintain an action in the name of the state to abate and perpetually enjoin the same. The injunction shall be granted at the commencement of the action, and no bond shall be required. Any person violating the terms of any injunction granted in such proceeding, shall be punished, as for contempt, by a fine of not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail not less than thirty days nor more than six months, or by both such fine and imprisonment.''

This court had occasion to consider the foregoing statute in so far as it relates to contempts of court in the case of Martindale v. State, 16 Okla. Cr. 23, 180 Pac. 385. The first paragraph of the syllabus in such case is as follows:

''Section 13, c. 70, Session Laws 1911 [section 7022, supra], construed, and held to authorize a trial court at the commencement of the action to issue a temporary order of injunction. Where the trial court has jurisdiction of the original subject-matter and obtains jurisdiction of the parties to the injunction proceedings, and issues such temporary order of injunction, it has jurisdiction to punish by contempt proceedings those parties guilty of willful disobedience of the order of injunction.''

It is contended in the instant case that the holding in the Martindale Case is to the effect that jurisdiction to issue the temporary writ of injunction at the commencement of the action was obtained in the Martindale Case by the contemporaneous issuance of a summons to the parties, and that the issuance of such summons is a necessary prerequisite to the issuance of the temporary writ, and that the failure to issue

the summons at the time of the issuance of the writ, or prior thereto, rendered the issuance and service of the writ a nullity, and that the proceedings for contempt, therefore, were without jurisdiction and void as against this plaintiff in error.

In the case of Key et al. v. State ex rel. Hodge, County Attorney, 101 Okla. 211, 224 Pac. 549, the Supreme Court of this state, in considering section 7022, Compiled Statutes 1921, held as follows:

"Section 7022, Comp. St. 1921, in relation to the enforcement of prohibitory laws, authorizes the state, on relation of the county attorney, to sue and obtain injunctive relief, but the same is a civil action and not a special proceeding, and must be commenced by the filing of a petition and causing a summons to be issued thereon, as required by section 231, Comp. St. 1921, and the procedure is governed by the general Code of Civil Procedure relating to suits in equity."

Section 231, Compiled Statutes 1921 (Code of Civil Procedure), provides:

"A civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon."

Section 404, Id., provides in part:

"The injunction provided by this Code is a command to refrain from a particular act. It may be the final judgment in an action, or may be allowed as a provisional remedy, and, when so allowed, it shall be by order."

Section 406, Id., provides:

"The injunction may be granted at the time of commencing the action, or any time afterwards, before judgment by the district court, or the judge thereof, or, in his absence from the county, or disqualification, by the county judge,

upon its appearing satisfactorily to the court or judge, by the affidavit of the plaintiff or his agent, that the plaintiff is entitled thereto.''

Section 409, Id., provides:

''The order of injunction shall be addressed to the party enjoined, shall state the injunction, and shall be issued by the clerk.  Where the injunction is allowed at the commencement of the action, the clerk shall endorse upon the summons 'Injunction allowed,' and it shall not be necessary to issue the order of injunction, nor shall it be necessary to issue the same where notice of application therefor has been given to the party enjoined.  The service of the summons so endorsed, or the notice of an application for an injunction, shall be notice of its allowance.''

Section 411, Id., provides:

''An injunction binds the party from the time he has notice thereof, and the undertaking required by the applicant therefor is executed.''

Section 417, Id., provides:

''If the injunction be granted without notice, the defendant, at any time before the trial, may apply, upon notice, to the court in which the action is brought, or any judge thereof, to vacate or modify the same.  The application may be made upon the petition and affidavits upon which the injunction is granted, or upon affidavits on the part of the party enjoined, with or without answer.  The order of the judge, allowing, dissolving or modifying an injunction, shall be returned to the office of the clerk of the court in which the action is brought, and recorded and obeyed, as if made by the court.''

It is section 409, supra, of the statute on which plaintiff in error relies to sustain his contention that the court obtained no jurisdiction of the subject-matter of this action by reason of the issuance alone of the writ of temporary injunction.

In other words, it is contended that, this being a civil action, the same was not commenced until the summons was issued, and that, although the statute provides that the injunction may be issued at the commencement of the action and without bond, it means that the injunction may be issued when the summons is issued and not prior thereto and that the issuance of the temporary injunction prior to the issuance of the summons was coram non judice and void.

If it be admitted, as was held by the Supreme Court of this state, that this is a civil action and not a special proceeding, and that the action is not commenced until the summons is issued, we still think the contention of plaintiff in error as to the jurisdiction of the trial court over the subject-matter of this action at the time of the issuance of the writ of attachment on the accusation for contempt is not well founded.

The record in this case discloses that the petition for the writ of injunction was filed on the 13th day of September, 1921, and that on the showing made a temporary writ of injunction was issued, and that the same was served on both of the defendants to the action on the 14th day of September, 1921, that on the 28th day of September, 1921, a summons in such action was issued and on the 4th day of October, 1921, it was served on one of the defendants. Therefore, under the Code of Civil Procedure the action was commenced on the 28th day of September, 1921, by the issuance of the summons.

Was the temporary writ of injunction theretofore issued and served an absolute nullity, or was it a mere irregularity? Plaintiff in error contends that by reason of the provisions of section 409, supra, it must be held that the issuance and service of the temporary order of injunction prior to the is-

suance of the summons was absolutely void and as to the defendant the temporary injunction had no force and effect, although the summons was afterwards issued. With this contention we cannot agree. We think it apparent from the provisions of section 409, supra, that the Legislature by the statements therein contained were providing the circumstances under which the issuance and service of the writ of injunction, if allowed at the commencement of the action, might be dispensed with. In other words, it would not be necessary to issue the temporary writ of injunction and serve same with the summons, provided the summons was indorsed "Injunction Allowed," and further it would not be necessary to issue and serve an order of injunction allowed at the commencement of the action, provided notice of the application therefor had been given to the party enjoined. In either of such instances the statute provides that such shall be notice of the allowance of the writ. In all other instances, we think it was intended that the writ of injunction, if allowed at the commencement of the action, shall be served on the parties to be enjoined.

This being a civil action, it may be conceded that the trial court acquired no jurisdiction over the subject-matter of the action until the summons was issued, but as soon as the summons was issued the action was commenced. Did the issuance and service of the temporary writ of injunction prior to the issuance of the summons constitute a mere irregularity, or was such action void? We think this query may be answered in this wise: That the issuance of the temporary writ of injunction without the issuance of the summons was an irregularity, and that the same did not become operative; in other words, that the action was not commenced until the summons had been issued and that thereafter the writ of in-

junction was obligatory upon the defendants until the same was dissolved.

Section 406, supra, provides: "The injunction may be granted at the time of commencing the action, or any time afterwards, before judgment," etc., and section 231 declares that an action is commenced "by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon."

Under these provisions we think it is clear that an injunction order cannot become operative until the summons in the action has been issued, and that the service of an injunction upon the defendant prior to the issuance of the summons would be irregular and ineffectual.

It does not follow, however, that the injunction order may not be signed by the judge preparatory to the issuance of summons and to be delivered and served with the summons, although until the summons is issued it would have no operative effect.

The language in section 406, supra, "the injunction may be granted at the time of commencing the action, or any time afterwards, before judgment," is meant to define two periods. If the summons must in all cases be issued before the judge has jurisdiction to grant the order, then no injunction can issue until after the action has been commenced, and the words, "at the time of commencing the action," used both in section 7022, supra, and 406, supra, would be superfluous and apparently without meaning; but this section meant that a plaintiff may not only have an injunction after his action is commenced, but that he may also have it at the time of the commencement of his action. In this connection these words mean while the process of com-

mencing the action is going on and not after it is finished. These words import that the injunction may be obtained so that it shall operate at the time when, and so soon as, an action is commenced and not alone after it is commenced.

We think this view is in accordance with sound reasoning, as it is of vital importance sometimes to a plaintiff to enjoin a defendant at the very instant that an action is commenced against a defendant, and in which a defendant would, were it not for such an injunction, defeat the object of the suit.

Counsel for plaintiff in error have cited no authority in support of this contention. The writer has taken occasion to make a thorough examination of the decisions of this and other states where similar statutes are in force. The decision of the Supreme Court of the territory of Oklahoma in the case of Reddick v. Webb et al., 6 Okla. 392, 50 Pac. 363, is a decision nearest in point tending to sustain the contention of plaintiff in error's counsel. But the Reddick Case is distinguishable from this case in that in the Reddick Case the statement of facts discloses that no summons was issued at any time. In the body of the opinion appears the following comment:

"A civil action is commenced 'by filing in the office of the clerk of the proper court a petition and causing summons to be issued thereon.' Section 57, Procedure Civil. And I am of the opinion that, at least, the first of the two necessary steps in the commencement of an action must have been performed before the time of the commencement thereof could possibly be held to have arrived, and no court has authority to grant an injunction prior to 'the time of commencing the action'; hence, if an injunctional order is granted and a bond executed to protect the defendant named therein from damages resulting because of the granting of said order, before either of these necessary steps in the commencement of an

action has been taken, and neither of said steps are, subsequently thereto, taken, both the order and bond are, in my judgment, nullities and no right of action can ever accrue upon the latter."

It will be noticed, therefore, that the opinion in that case was based largely upon the proposition that the action was at no time commenced. And by inference it may be inferred that, if the necessary steps for the commencement of the action had been taken subsequently to the issuance of the writ, a contrary view might have been expressed.

In the instant case all the steps necessary to the commencement of the action were taken before the issuance of the order of attachment for contempt and the violation of the injunction order, and the conviction is for acts committed by the defendant subsequent to the taking of these necessary steps in the commencement of the original action. Lash v. McCormack, 14 Minn. 482 (Gil. 359); Leffingwell v. Chase, 19 How. Prac. (N. Y.) 54; Drummond v. Drummond et al., 49 Okla. 649, 154 Pac. 514; State ex rel. v. Pierce, 51 Kan. 241, 32 Pac. 924.

The conclusion is reached, therefore, that the trial court acquired jurisdiction of the subject-matter of this contempt proceeding prior to the issuance of the order of attachment herein, and that jurisdiction of the person of the defendant was obtained when the defendant appeared and entered his plea of not guilty without questioning the jurisdiction of the court over his person.

The further assignment of error that the court erred in admitting secondary evidence of the contents of the purported temporary injunction is not sustained by the record and is without merit.

For the reasons stated, the judgment of the district court of Tulsa county is affirmed.

BESSEY and DOYLE, JJ., concur.