### GIBSON OIL CO. v. KELLEY et al.

No. 23230. Oct. 16, 1934.

Wallace & Wallace, Creekmore Wallace, and Wayne H. Lasater, for plaintiff in error.

Horace H. Hagan and T. Austin Gavin, for defendants in error.

PER CURIAM. This was an action instituted in the district court of Tulsa county by the plaintiff in error, as plaintiff, against the defendants in error, as defendants, and the parties will be referred to as they appeared in the lower court.

The plaintiff sought to recover damages from the defendants upon an injunction bond executed by the defendant Francis C. Kelley, as Roman Catholic Bishop of Oklahoma, as principal, and the defendants Thomas Chestnut and Chas. McKeever, as sureties thereon, which had been given in an action instituted by the said Francis C. Kelley, as Roman Catholic Bishop of Oklahoma, as plaintiff, against the Gibson Oil Company, a corporation, Ansel Hickok, and W. R. Smith, as defendants, in the district court of Tulsa county, the purpose of which was to obtain an injunction against the defendants, enjoining them from the erection and construction of a filling station on certain real property in the city of Tulsa, contiguous to other real property the title to which was held by the plaintiff, in his official capacity, for church and school purposes.

We will only briefly summarize the petition, as the controversy in this case narrows down to a proposition which can be stated without dealing with the pleadings at length.

The plaintiff alleges that the injunction action was filed in the district court of Tulsa county on December 8, 1928; that a temporary restraining order against the defendant Gibson Oil Company and the other defendants was issued, restraining them, until the 17th day of December, 1928, from constructing, operating, or beginning the construction or operation of an oil and gasoline drive-in filling station on certain property, describing it; that thereafter, on January 4, 1929, the plaintiff in such action obtained a temporary injunction. continuing the temporary restraining order in force during the pendency of the action; that such temporary injunction remained in force and effect until February 18, 1929, when the same was dissolved by a judgment of the court, a copy of which judgment is attached to the petition of the plaintiff, marked exhibit "A", and which is a copy of the journal entry of the judgment in the case; that it had been finally decided by the district court of Tulsa county that said injunction ought not to have been granted, as was shown by the copy of the journal entry of the judgment attached to the petition of the plaintiff, marked exhibit "A"; that the plaintiff in such action filed therein a motion for a new trial, which was overruled on April 20, 1929, as shown by a copy of the journal entry of judgment thereon attached to the petition of the plaintiff, marked exhibit "B"; that by reason of the delay in the disposition of such motion, and other proceedings, the temporary injunction which had been granted remained in force and effect until May 20, 1929. A copy of the bond sued on is attached to the petition of the plaintiff, and is the usual statutory injunction bond by which the plaintiff in said action and the sureties on said bond obligated them-

selves to the defendant in the sum of $1,500 "that the plaintiff shall pay to the defendants or to the party injured any damages they may sustain, including reasonable attorneys' fees by reason of the issuing of said injunction, if it should be finally decided that said injunction ought not to have been granted."

The plaintiff pleaded the various elements of damages which it claimed to have suffered in its petition, and no question is raised in the case as to the same being proper elements of recovery had the plaintiff prevailed.

To this petition the defendants filed their separate demurrers, and on page 25 of the case-made is shown an entry made upon the journal of the court indicating that the demurrers were overruled and exceptions granted and time given to answer. Counsel for plaintiff in error raise the question that this entry is not sufficient to show that the demurrers were, in fact, acted upon by the court, but in the view that we take of the case it will not be necessary to pass upon this question.

Thereupon, the defendants filed their separate answers in the case, consisting of general denials and an admission of the official capacity of the defendant Francis C. Kelley. The case came on for trial on July 1, 1931. Opening statements of the case were made by counsel for plaintiff and defendants, at the conclusion of which the plaintiff sought to introduce evidence in support of its petition, and its counsel first offered in evidence the petition in the original injunction suit in which the bond sued on in this action was given.

Thereupon, counsel for the defendants made the following objection:

"We object to the introduction of any testimony at this time on behalf of the plaintiff for the reason that the pleadings in this cause show that the plaintiff is not entitled to the relief prayed, or to any other relief and pray at this time for judgment in behalf of the defendants. And at this time, if your Honor please, I would like to suggest to you the basis for my proposition that I have just made."

Thereupon, the court made the following ruling:

"The Court: The objection to the introduction of evidence will be sustained on the ground that the journal entry attached to plaintiff's petition shows—does not show that the court found that the injunction was wrongfully obtained in the first instance."

To this ruling the plaintiff excepted. Thereupon, counsel for plaintiff sought to introduce other exhibits and offered to prove certain facts by witnesses, to all of which objection was made, and which objections were sustained by the court, and the court made the further statement, in explanation of his ruling:

"The Court: I am sustaining all the objections for the reason that the injunction was not dissolved or denied—the judgment was not entered because the injunction was not properly issued in the first instance."

Thereupon, the defendants in this case moved that the action be dismissed. Whereupon, the court made the following ruling:

"The Court: The objections to all evidence are sustained, and the case is dismissed."

Exception was taken by the plaintiff; motion for a new trial was filed and overruled; notice of appeal was given and the appeal was perfected and brought to this court.

The record shows that the trial court sustained the objections of the defendants and dismissed the action solely upon the ground that the journal entry of the judgment attached to the petition of the plaintiff in this action did not show that the court found and determined that the injunction was wrongfully issued in the first instance.

The journal entry of the judgment of the court, which was attached to the petition of the plaintiff, showing the trial and final determination of the case in favor of the defendant in that action, plaintiff in this, is the controlling factor in this case, and for which reason we herewith copy it, except a portion thereof which has no bearing upon the question involved:

"State of Oklahoma, County of Tulsa. ss.

"In the District Court Within and for Said County and State.

"Francis C. Kelley, as Roman Catholic Bishop of Oklahoma, Plaintiff, v. Gibson Oil Company, a corporation, Ansel Hickok, and W. R. Smith, Defendants. No. 44012.

"Journal Entry of Judgment.

"Be it remembered that on the 18th day of February, 1929, this cause come on for final trial according to the previous setting thereof, and the plaintiff appeared by his attorney, E. M. Gallaher; and the defendant Gibson Oil Company, a corporation, appeared by its president, E. A. Gibson, and its attorneys of record, Creekmore Wallace, Cleveland Holland, and Wayne H. Lasater; and the defendant Ansel Hickok appeared by his attorney A. E. Montgomery; and the defend-

ant W. R. Smith appeared by his attorneys, Wallace & Wallace, and all parties announced ready for trial.

"Thereupon the parties hereto introduced their evidence and the court having heard the said evidence and the argument of counsel, extending through February 19, 1929, does find, upon the issues, under the law and evidence, for the defendants in said action and against the plaintiff so far as concerns the injunctive relief sought herein. This finding is made in part upon the representation made by the defendant Gibson Oil Company to the court that it was not the purpose of said defendant to make an entry to the proposed filling station which would cross the sidewalk on the west side of Boulder avenue, but that the entrances and exits to and from said filling station would be made entirely from Ninth street to and from the property described herein, to wit:

"The south fifty-five feet of lot four, block one hundred seventy-nine in the city of Tulsa, Tulsa county, state of Oklahoma.

"It is therefore ordered, adjudged, and decreed, by the court, that the temporary injunction heretofore issued in this cause be and the same is hereby dissolved, and that the plaintiff be and he is hereby denied a permanent writ of injunction herein, and that the defendants be and are hereby adjudged at liberty to pursue the erection and operation of a filling station and structures on said property as fully as though no such temporary injunction had been issued herein.
* * *

"It is therefore ordered. adjudged and decreed, by the court that the plaintiff take nothing by his said action and that the defendants go hence without day and recover of and from the plaintiff all costs of this action, if any, expended by them, such costs being hereby adjudged against the plaintiff."

The contention is made by counsel for plaintiff in error that this journal entry of judgment does show a final determination by the trial court that the temporary order of injunction ought not to have been granted. Counsel for defendants in error, on the other hand, contend that this journal entry does not disclose that the court below made a final determination of such fact and that the judgment rendered by the court upon the trial of the cause in favor of the defendants and against the plaintiff was not determinative of the question that the temporary order of injunction ought not to have been granted. and that by reason thereof no liability was incurred upon the bond. Much repartee is engaged in by counsel on both sides, directed at the other, and questions discussed which are beside the question to be determined in this case.

The pivotal proposition involved is as to what is required to constitute a determination by the court in an injunction suit that the temporary order of injunction, pursuant to which the injunction bond was given, ought not to have been granted. The bond in question is a statutory bond, given under the provisions of our procedure now found in section 718, Okla. Stats. 1931, which reads as follows:

"Unless otherwise provided by special statute, no injunction shall operate until the party obtaining the same shall' give an undertaking with sufficient surety, to be approved by the clerk of the court granting such injunction, in an amount to be fixed by the court or judge allowing the same, to secure the party injured, the damages he may sustain, including reasonable attorneys' fees, if it be finally decided that the injunction ought not to have been granted."

The bond sued on followed the language of the statute and obligated the plaintiff in the injunction suit to pay to the defendants damages they might sustain by reason of the issuing of the injunction, if it should be finally decided that the injunction ought not to have been granted. So, the plaintiff brought the suit, obtaining first a temporary restraining order, then a temporary order of injunction, restraining the defendants from doing the acts complained of, and which remained in full force and effect until the case was tried upon its merits, as shown by the journal entry of the judgment, a copy of which is attached to the petition of the plaintiff in this action, and for some time thereafter until the motion for a new trial was passed upon and the judgment in favor of the defendants in that action became final.

The defendants in error contend that there was no specific language used in the journal entry of the judgment by which the court found that the temporary order of injunction ought not to have been granted, and further claim that the judgment of the court is qualified and modified by the language used in the journal entry preceding the judgment wherein the court, after finding upon the issues under the law and the evidence for the defendants and against the plaintiff, used this language:

"This finding is made in part upon the representation made by the defendant Gibson Oil Company to the court that it was not the purpose of said defendant to make an entry to the proposed filling station

which would cross the sidewalk on the west side of Boulder avenue, but that the entrances and exits to and from said filling station would be made entirely from Ninth street to and from the property described herein, to wit (describing it)."

Preceding the above language was the recital that the parties had introduced their evidence, and the court, having heard the same and the argument of counsel—and it appears that the trial consumed two days—found the issues generally in favor of the defendants and against the plaintiff. Then followed the language above quoted. Then followed the judgment of the court by which the court specifically adjudged and decreed that the temporary injunction theretofore issued in said cause should be and the same was thereupon dissolved and the plaintiff was denied a permanent writ of injunction, and the defendants were adjudged at liberty to pursue the erection and operation of a filling station and structures on said property, as fully as though no such temporary injunction had been issued.

It was further adjudged and decreed by the court that the plaintiff take nothing by said action, and that the defendants recover from the plaintiff all of the costs of the action.

The judgment rendered by the court was a final, binding, and conclusive judgment in favor of the defendants in that action and against the plaintiff on the merits of the cause. It specifically provided that the temporary order of injunction theretofore issued in the case was dissolved, and the plaintiff was denied a permanent writ of injunction.

In our opinion, this was a final and conclusive determination that the plaintiff never was entitled to an injunction in the case and that the temporary order of injunction ought not to have been granted. As to the language used by the court in that part of the journal entry preceding the judgment itself, we hold that the same did not qualify the judgment thereafter rendered. The language of the judgment was plain and unambiguous and required neither interpretation nor explanation.

In the case of Imo Oil & Gas Co. v. Chas. E. Knox Oil Co. et al., 120 Okla. 13, 250 P. 117, this court said, in the first paragraph of the syllabus, as follows:

"Where a journal entry of judgment contains the words, 'It is by the court ordered, adjudged, and decreed,' the order following these words is the final and controlling portion of the judgment of the court, and where the same is clear and unambiguous, this court will give effect to the order, judgment, and decree therein rendered."

In the body of the opinion, this court further stated:

"Whatever may appear in the journal entry preceding the final order, commencing with the word, 'wherefore,' that part of the journal entry following the words, 'It is by the court ordered, adjudged, and decreed,' as copied above, controls and is the final order of the court as to said cause. The language of the court is plain and unambiguous, and the Empire Gas & Fuel Company retained all rights guaranteed to it in the original lease, that is to say, the right to sell, transfer, assign, or operate the same."

By our decision in that case, the question was set at rest that it is the judgment rendered by the court that controls, not the language which precedes it, unless the judgment itself is ambiguous, and in which case recourse may be had to the findings of the court or the pleadings in the case to determine just what the court did mean, but that is not the case here.

We pass next to the question of whether or not the judgment part of the journal entry in the injunction suit did, in fact, determine that the temporary order of injunction ought not to have been granted. Counsel for defendants in error cite in their brief, and seem to rely upon the decision of this court, in the case of Wilson et al. v. Board of County Commissioners of Tillman County, 64 Okla. 266, 167 P. 754, as sustaining their contention. In our judgment, just the contrary is true. In stating the case, Sharp, Chief Justice, used the following language:

"Plaintiff's action is to recover damages of the principals and sureties on an injunction bond. The petition charged that on hearing had before the district judge in the original suit, the temporary injunction was dissolved. It did not allege a **final judgment of the district court of Tillman county,** or that it was finally decided that the injunction ought not to have been granted." (Emphasis ours.)

It will be observed that the foregoing statement is made in the alternative that the petition of the plaintiffs in that action did not either allege a final judgment of the district court of Tillman county in their favor or that it had been finally decided that the injunction ought not to have been granted.

A demurrer to the petition in that case was overruled, the issues were joined and the case came on for trial and the defend-

ants objected to the introduction of any evidence on the ground that the petition failed to state a cause of action in favor of the plaintiff and against the defendants, and the question was raised that there had been no final adjudication of the fact that the injunction should not have been granted, at least, it was not so alleged in the petition. In the opinion in that case Chief Justice Sharp further said:

"If then, damages may be recovered only when there has been a final judgment or decree that the injunction should not have been granted, it was necessary to a statement of a cause of action in plaintiff's behalf that the suit in which the injunction bond was given, had so terminated; and it was not sufficient to merely allege that on hearing before a district judge the temporary injunction was dissolved. Until a final decision of the case, no cause of action accrued in favor of those to whom, or for whom, the bond was executed. It was so held in Reddick v. Webb, 6 Okla. 392, 50 P. 363, in which the court, referring to the amended petition, said:

" 'It fails to show a final determination of the entire proceeding wherein the injunction order was granted and the bond executed and filed, which is absolutely necessary before a cause of action can accrue, upon the bond, in favor of the plaintiff herein.'

"A well-considered case squarely in point is Brown et al. v. Galena Mining & Smelting Co. et al., 32 Kan. 528, 4 P. 1013. There, as here, the temporary injunction had been dissolved, and it was held that a right of action did not accrue on an undertaking of the character in question until a final judgment was rendered in the suit in which it was issued, and that an action commenced on such undertaking before such entry of judgment was prematurely brought and could not be maintained. Attention was called to the language of the statute, which in respect to the question at hand is identical with our own, and it was said:

" 'The final judgment in cases of this kind is the final decision which determines the question whether the injunction ought, or ought not, to have been granted (Bemis v. Gannett, 8 Neb. 236), and a final judgment is one which finally decides and disposes of the whole merits of the case and reserves no further question or directions for the future judgment of the court.'

"Also, further on in the opinion:

" 'If the theory that the dissolution of the injunction is a decision that the injunction ought not to have been granted, as contended for by the defendants, is the true theory, then a right of action accrues, and suit may be maintained upon the undertaking on the dissolution of the temporary injunction, no matter what may be the final result of the suit, and a judgment may be rendered on the undertaking, although the court, by its final decision, decides that the temporary injunction was properly granted.'

"The rule announced is supported by many authorities, and is, we think, in consonance with the meaning and purpose of the statute. Not only the statute, but the bond in pursuance of which it was given, makes a final determination of the suit a prerequisite to an action thereon. Because of the error of the trial court in overruling the defendant's demurrer to plaintiff's petition, the judgment is reversed, and the cause remanded, with instructions to permit plaintiffs to file an amended petition, if desired. All the Justices concur."

In that case we specifically held that, not only the statute, but the bond makes a final determination of the suit a prerequisite to an action thereon. In that decision we cited the case of Brown et al. v. Galena Mining & Smelting Co. et al., 32 Kan. 528, 4 P. 1013. That case was likewise an action on an injunction bond. The language of the Kansas statute under which the injunction bond was given in that case was in all material respects the same as ours, and the exact question involved in this case was involved in that case, and in that case the Kansas court held that:

"The final judgment in cases of this kind is the final decision which determines the question, whether the injunction ought, or ought not to have been granted, * * * and a final judgment is one which finally decides and disposes of the whole merit of the case and reserves no further question or directions for the future judgment of the court." (Emphasis ours.)

This decision is so clearly in point that we quote therefrom the following:

"The section of the statute under which the order was issued (section 242, c. 80, Comp. Laws) is as follows:

" 'Sec. 242. No injunction, unless otherwise provided by special statute, shall operate until the party obtaining the same shall give an undertaking, executed by one or more sufficient securities, to be approved by the clerk of the court granting such injunction, in an amount to be fixed by the court or judge allowing the same, to secure to the party injured the damages he may sustain, if it be finally decided that the injunction ought not to have been granted.'

"The purpose of such injunction is to maintain the status of the parties and the subject-matter of the litigation, to the end that

the plaintiff may reap the full benefit of his suit, if the court shall, by its final judgment, determine he is entitled to the relief demanded by his petition. The dissolution of the injunction by the court, or the abandonment of it by the party causing it to be issued, while the suit is pending, has no effect upon the suit, which may proceed to trial and judgment in the same manner and with like effect as if such temporary injunction had not been dissolved. In a suit brought solely to obtain an injunction, the dissolution of the temporary injunction fixes no liability under the undertaking, nor does it determine the question whether the injunction ought or ought not to have been granted. The statute in effect is that the obligors or sureties in the undertaking shall be liable for the damages sustained 'if it be finally decided that the injunction ought not to have been granted.' The final judgment in cases of this kind is the final decision which determines the question whether the injunction ought or ought not to have been granted (Bemis v. Gannett, 8 Neb. 236), and a final judgment is one which finally decides and disposes of the whole merits of the case, and reserves no further question or directions for the future judgment of the court. Mills v. Hoag, 7 Paige (N. Y.) 18; section 395, c. 80, Comp. Laws. If the court, in the final judgment, grants the relief demanded in the petition, it is the final decision that the temporary injunction was properly granted and the undertaking given has served its purpose. But if the court, by its final judgment, decides that the plaintiff is not entitled to such relief, then it is finally decided that the injunction ought not to have been granted, and the liability of the obligors to it is fixed, and suit may be commenced and maintained for all damages sustained because of the issue of the injunction."

The rule is likewise laid down in that case that the pleadings all relate to the time of the commencement of the suit, the same as if filed at that time, and the rights of the parties there to be determined as they existed when suit was commenced. The exception to this rule would be where a supplemental petition is filed, by leave of court, bringing into the case some transaction which has occurred since the filing of the suit.

In the case of Reddick v. Webb et al., 6 Okla. 392, 50 P. 363, we used this language:

"But these averments are not sufficient to show the final disposition of the whole case or proceeding; this can only be done by a judgment or order of the court dismissing said entire cause or proceeding, or deciding same in favor of the defendant therein."

In the case of Salmon v. Salmon (Ala. App.) 69 South. 304, it is said:

"A complaint in action on an injunction bond, which sets out the bond and alleges a breach thereof by dissolution of the injunction and the failure of the obligors to pay the damages specifically claimed and alleged to have been sustained as a result of suing out the injunction, states a cause of action."

It was again held in Babcock v. Reeves et al. (Ala.) 43 South. 21, that:

"In an action on an injunction bond, an allegation of the complaint that the bill was dismissed and the injunction dissolved was a sufficient averment of the breach."

We might multiply authorities on the question involved in this case, but deem it unnecessary. Many questions are argued by counsel for both parties in their briefs, which have been carefully considered, but which it is unnecessary to either discuss or decide, as they are not material to the determination of the real question in this case. We hold that the petition of the plaintiff contained ample averments to show that the injunction bond sued on was given in the former case, and that the injunction remained in full force and effect until dissolved by the final judgment of the court in the trial of the case upon its merits; that damages ensued to the plaintiff by the granting of such injunction, and the trial court erred in sustaining the objections of the defendants to the introduction of any evidence in the case; for all of which reasons the case is reversed and remanded for a new trial.

The Supreme Court acknowledges the aid of Attorneys P. C. Simons, L. E. McKnight, and C. F. Dyer in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Simons, and approved by Mr. McKnight and Mr. Dyer, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.