**TOWN OF NEW WILSON et al. v. DAVIS.**

No. 28246.     Oct. 11, 1938.

N. E. Ticer, for plaintiffs in error.

C. C. Wilkins, for defendant in error.

PHELPS, J. The town of New Wilson, a municipal corporation, in the year 1917 issued a series of negotiable waterworks extension bonds, with negotiable interest coupons thereto attached. The plaintiff in the open market purchased several of said interest coupons, and they matured prior to the filing of this action. The plaintiff made several demands upon the city treasurer to pay said interest coupons, and also made demand upon the fiscal agency located in New York City (sections 5386-5393, O. S. 1931, 62 Okla. St. Ann. secs. 521-528). The city treasurer and the fiscal agency failed to pay the coupons.

On September 30, 1937, the plaintiff filed in the district court his petition and application for writ of mandamus against the city treasurer, the mayor, the city clerk, and the county treasurer, praying that said writ issue commanding the defendants to pay the interest coupons.

An alternative writ of mandamus was issued by the trial court, and same was served upon the defendants on October 2, 1937. The alternative writ required the defendants to pay the coupons or appear before the court on October 8, 1937, and show cause for failure to obey the order. On October 8, 1937 the defendants filed their answer, in which they generally denied the allegations of the petition and alleged that at the time of the service of the writ (October 2d) the city treasurer did not have in his possession or under his control any funds belonging in the sinking fund of the city with which to pay the coupons. The case was tried on October 11, 1937, resulting in a judgment for the plaintiff, commanding the defendants to turn over to the plaintiff, in payment of certain of the coupons, the money hereinafter described. The defendant city treasurer appeals. The other defendants do not appeal, and when we refer to the defendants the city treasurer is meant.

No contention is made by the defendant that our statutory provisions cited above, concerning the state fiscal agency, are exclusive, or that anything contained therein bars the plaintiff in such action from maintaining mandamus directly against the city treasurer prior to his forwarding the funds to the fiscal agency. Such question is therefore beyond the scope of the present controversy, and is not decided herein.

The two propositions advanced by the defendant, reduced to their substance, amount to the contention that the action was prematurely brought. They will therefore be discussed together. It is pointed out by the defendant that on September 30, 1937, when the action was filed, and also on October 2, 1937, when the alternative writ was served, the county treasurer had not yet turned over to him the September tax collections making up the only fund from which the interest coupons could have been paid. All money collected by him prior to September 1, 1937, had been forwarded to the fiscal agency. On September 30, 1937, sufficient money had been collected by the county treasurer for the city's sinking fund to meet the amount of the present judgment, but it had not yet been turned over to the city treasurer. Certain accounting and paper work were necessary before the voucher could actually be issued to the city treasurer, and that accounted for the few days' delay in transmitting the money. The evidence shows that by October 4, 1937, this accounting had been completed and the money was ready to be delivered to the city treasurer. The city treasurer attempted to obtain it, a few days later, but the county treasurer would not permit the transfer, on account of the fact that he too had been served with the alternative writ.

In Kerr, County Clerk, v. State ex rel. Wimbish, 33 Okla. 110, 124 P. 284, we held that the issue to be tried and determined in a mandamus action is that raised by the writ and answer and that the nonexistence of a cause of action when a suit is brought is a fatal defect which cannot be cured by the accrual of a cause while the suit is pending. As applied to other forms of action, the same principle was announced in Bank of Chelsea v. School Dist., 62 Okla. 185, 162 P. 809; American Inv. Co. v. Baker, 122 Okla. 10, 250 P. 76; Gibson Oil Co. v. Kelley, 169 Okla. 218, 36 P.2d 1111.

Whether the rule should be applied in such a situation as the present is a question of some difficulty. Technically it should, while if the substance rather than the form is considered, it should not. We say that "technically" it should be applied because, as asserted by defendant, the money was not actually in his possession when the suit was filed or the alternative writ was served, and mandamus will not lie to compel performance of the impossible. But it might almost be said that it was constructively there, for it had been collected and awaited only the administrative act of transferring. It was ready

504

for actual transfer by October 4th, which was prior to the answer date, and would have been transferred on that date except for the fact that the county treasurer had also been served with the alternative writ and hesitated to part with the money under those circumstances for fear that he would be violating the court's order. He raised no objection and is not even a party to this appeal. When the case was tried the parties and the fund were before the court, the plaintiff was entitled to have his interest coupons satisfied, and the defendant presented no reason why he should not pay the coupons other than the somewhat technical reason herein considered. Had there been shown some form of prejudice occasioned to the defense because of the facts stated, or had defendant urged some good substantial legal reason for refusing to pay the coupons, we would probably have a different question before us, but with the situation as it is, we see no justifiable cause for reversing this judgment. The law enjoins on the city treasurer the duty of paying such bonds and coupons as they mature. City of Wilburton v. King, Atty. Gen., 162 Okla. 32, 18 P.2d 1075.

The possibility of injustice to holders of coupons maturing earlier than the ones in suit is suggested in the concluding portion of defendant's argument, but the question has not been briefed nor any authorities cited thereon, and accordingly, under Rule 15 of this court, will not be considered.

The judgment is affirmed.

OSBORN, C. J., and CORN, HURST, and DAVISON, JJ., concur.