## HINKLE v. JONES et al.

No. 27019.   March 23, 1937.

Rehearing Denied April 20, 1937.

John W. Mee and Harold L. Heiple, for plaintiff in error.

Hugh M. Bland, for defendants in error.

CORN, J.   This action was commenced on October 4, 1933, by the Fidelity Building & Loan Association to foreclose a real estate mortgage and for a money judgment. Plaintiff in its petition, in so far as is pertinent here, alleged that the defendant J. R. J. Keahey obtained title to the real estate involved by warranty deed, the grantors of which deed were personally obligated for the payment of the debt, and said deed was by reference made a part of the petition after showing the book and page of recordation. The petition concluded with a prayer for a personal judgment against the grantors, naming them, from whom Keahey obtained title, and asked that the mortgage be established as a first lien and foreclosed, and for all other, further, or different relief. No specific money judgment was asked for, either in the body of the petition or in the prayer against Keahey.

The defendant J. R. J. Keahey was duly and regularly served with summons. He then filed motion to quash summons, which was overruled, and also filed motion to vacate order appointing receiver, which motion was denied.

On June 4, 1934, plaintiff obtained judgment. The defendants were in default, and the only evidence introduced was by the plaintiff, although upon the same date the defendant Keahey was granted permission to file answer and cross-petition, which was stricken from the files on June 9, 1934. The court found that defendants were indebted to the plaintiff in the amount for which judgment was awarded and rendered a personal judgment against the defendant Keahey.

Thereafter, during the next term of court, and on September 4, 1934, the defendant Keahey filed his motion to vacate judgment, wherein he asked vacation of the judgment entered June 4, 1934, for the following reasons:

(1)   Judgment entered before cause regularly stood for trial.

(2)   Cause of action not at issue.

(3)   Time to answer had not expired, and the moratorium law.

(4)   For the reason that the judgment was irregularly obtained in that a personal judgment was taken against Keahey when an examination of the record pertaining to said property discloses that the

defendant purchased and accepted title to same and that he did not assume and agree to pay said mortgage indebtedness.

Said motion was on the regular motion docket for the week of September 8, 1934, and a minute was made on said day striking said motion from the assignment, which motion then appeared on the regular motion docket for the week of September 15, 1934, and on said date there was made this entry: "No. 81363 Fidelity Building & Loan Ass'n v. Jones et al. Motion to vacate judg. over."

The next proceeding had in the action was an order of sale issued pursuant to said judgment, and a sale of the property and confirmation thereof by the lower court on January 19, 1935.

The sale left a deficiency judgment against Keahey. On February 23, 1935, the Fidelity Building & Loan Association filed what was termed application for order nunc pro tunc, asking that the clerk's records be corrected that the journal might reflect the order made June 9, 1934, striking defendant Keahey's answer and cross-petition from the files, and reflect the action of the court overruling defendant Keahey's motion to vacate judgment on September 15, 1934. Minutes had been made at the time of the making of said orders and the same entered in the docket, but no formal orders signed and filed, or entered in the journal.

This application for order nunc pro tunc came on for hearing on the regular motion docket on Friday, March 15, 1935, and the same was by the court sustained, and the clerk ordered to correct the journal showing the entry of the action on the two said motions and said orders were then spread upon the court's journal.

Thereafter, on May 13, 1935, the deficiency judgment was assigned to P. C. Hinkle, and on June 1, 1935, the same was filed in the lower court and execution was issued against the defendant Keahey thereon.

On June 6, 1935, defendant Keahey filed a motion he designated motion to quash and recall execution, which had as its principal grounds for quashing the execution the allegations and prayer that the judgment being void, it should be vacated in so far as it was a personal judgment against him.

As grounds, this motion alleges, in substance:

(1) Judgment was entered without notice while answer on file.

(2) Said defendant alleges and would show the court that in so far as the purported judgment rendered herein on the 4th day of June, 1934, seeks to impress a personal money judgment against the defendant J. R. J. Keahey, it is a nullity and void, and, therefore, a deficiency judgment for which said execution was issued is null and void and should be vacated, set aside and held for naught, and the execution issued upon the same should be quashed and recalled.

The prayer of said motion, is as follows:

"Wherefore defendant prays that the execution heretofore be quashed, set aside and recalled and that said defendant J. R. J. Keahey be absolved from liability on any purported deficiency judgment rendered herein."

This motion was heard July 5, 1935, and was overruled, and the relief therein prayed for by J. R. J. Keahey to vacate said judgment was denied.

Notice of appeal from this order was given by the defendant Keahey and additional time obtained to appeal, but no appeal therefrom was perfected, and the said order which denied Keahey's motion to recall execution was unappealed from.

Thereupon, Hinkle obtained an order for the examination of the judgment debtor Keahey and for the disclosure of his assets, the execution of June 1, 1935, having been returned unsatisfied.

On August 12, 1935, the defendant Keahey filed another motion to vacate judgment, which for clearness we will designate third motion to vacate judgment, at a term after the filing of the first and second motions which were denied. He had given notice of intention to appeal from the order overruling his second motion to vacate and obtained extension of time to make and serve case-made. During a term of court subsequent to the filing of the motion to quash and vacate judgment, and several terms after the first motion to vacate judgment and the order nunc pro tunc, this third motion to vacate was sustained.

The third motion to vacate judgment in part urges the following grounds for vacating the personal judgment against J. R. J. Keahey:

"Judgment is void on its face and its nullity can be ascertained by an examination of the judgment roll, in that the court attempted to render a personal judgment against the defendant J. R. J. Keahey. * * *"

Thereupon, the court entered its order vacating judgment as to defendant J. R. J. Keahey, which is as follows:

"Now, on this 13th day of September, 1935, this matter came on to be heard upon the motion of the defendant, J. R. J. Keahey, to vacate judgment filed herein on the 12th day of August, 1935. The defendant, J. R. J. Keahey, appeared by his attorney * * * and the plaintiff, Fidelity Building & Loan Association and its assignee, P. C. Hinkle, appeared by their attorneys * * * and the court after examining the motion, the judgment roll, the files in said cause and after hearing the statement and argument of counsel herein, finds that said motion should be sustained and that the personal judgment rendered herein, on the 4th day of June, 1934, in said cause, is void on its face in so far as it attempts to impose a personal judgment in the sum of $1,987.60, with interest thereon at the rate of ten (10) per cent. per annum, from the 30th day of September, 1933, together with $198.75 attorney's fee and the costs of the action against the defendant, J. R. J. Keahey, and should be canceled, vacated, set aside and held for naught."

The judgment was attacked by this third motion primarily on the grounds that the judgment against the defendant J. R. J. Keahey was void on its face, in that the court was without jurisdiction to render said judgment, for the reason it was outside the issues formed by the pleadings. A careful examination of the petition will disclose the issues that could be presented to the court by the plaintiff, and any judgment rendered outside those issues is void.

In the case of Standard Savings & Loan Association v. Anthony Wholesale Grocery Co., 62 Okla. 242, 162 P. 451, this court held:

"The first fundamental requisite to the validity of a judgment is that it should have been rendered by a court having jurisdiction, for without jurisdiction the courts can do nothing, and a judgment rendered without jurisdiction is a mere nullity. The jurisdiction required is of three sorts: (1) Jurisdiction of the parties; (2) jurisdiction of the general subject-matter; (3) jurisdiction of the particular matter which the judgment professes to decide.

"A judgment, which is entirely outside of the issues in the case and upon a matter not submitted to the court for its determination, is a nullity, and may be vacated and set aside at any time on motion of a party, or any person affected thereby. And any collateral or subsequent proceeding dependent upon the validity of such judgment may, in like manner, be vacated upon proper motion by any person affected thereby.

"S., a defendant in a foreclosure suit. filed a cross-petition, alleging that H. M. C., a codefendant, was indebted to it upon notes and a real estate mortgage; that N. A. C. had or claimed some interest in the real estate junior and inferior to the claim of S., and praying that the interest of N. A. C. be adjudged inferior. N. A. C. made no appearance. The court thereupon rendered judgment, decreeing the interest of N. A. C. to be junior to the interest of S., and also rendered a personal judgment for the amount of the indebtedness against N. A. C. Held, that that part of the judgment fixing a personal liability upon N. A. C. is outside of the particular jurisdiction of the court, and upon a matter not submitted to the court for determination and is a nullity."

And in the body of the opinion the court stated:

"A trial court cannot be expected to read and scrutinize journal entries of judgment presented to it, but must rely upon counsel submitting correct judgments within and in conformity to the issues. Where this is not done and the journal entry of judgment signed by the court recites a judgment entirely without the issues, and without any allegation whatever to sustain, it is, and should be held, to that extent absolutely void and of no effect whatever."

Section 563, O. S. 1931, reads in part as follows:

"A void judgment may be vacated at any time, on motion of a party, or any person affected thereby."

Also, the court, in the case of Rogers, County Treas., v. Bass & Harbour Co., 47 Okla. 786, 150 P. 706, held:

"A judgment which is entirely outside of any issue made by the pleadings or the evidence in the case is a nullity."

The court followed the earlier case of Anglea v. McMaster, 17 Okla. 501, 87 P. 660, wherein it held:

"A judgment which is entirely outside of the issues in the case and upon a matter not submitted to the court for its determination, is a nullity, and may be vacated and set aside at any time, on motion of a party, or any person affected thereby." (Citing earlier cases of Phoenix Bridge Co. v. Street, 9 Okla. 422, 60 P. 221; Gille v. Emmons, 58 Kan. 118, 48 P. 569, 62 Am. St. Rep. 609.)

In 33 C. J. p. 1076, sec. 37, the following rule is announced:

"In addition to jurisdiction of the parties and the subject-matter, it is necessary to the validity of a judgment that the court should have jurisdiction of the question which its judgment assumes to decide, and jurisdiction to render a judgment for the particular remedy or relief which the judgment undertakes to grant."

In the case of Whitehead v. Bunch, 134 Okla. 63, 272 P. 878, the first paragraph of the syllabus is as follows:

"In addition to jurisdiction of the parties and the subject-matter, it is necessary to the validity of the judgment that the court should have jurisdiction of the question which its judgment assumes to decide, and jurisdiction to render a judgment for the particular remedy or relief which the judgment undertakes to grant, and where the court exceeds its jurisdiction, and renders a particular judgment which it is wholly unauthorized to render, under any circumstances, such judgment is absolutely void and subject to collateral attack."

Proposition 2, as set out by the plaintiff in error, is as follows:

"The trial court committed reversible error in entertaining and sustaining the third motion to vacate on the ground that said judgment was void on its face, for the reason that the remedy on absolute denial of motion to vacate, under the circumstances involved here, is to pursue the method prescribed by statute for perfecting an appeal, and the failure to appeal from either the order overruling the first motion to vacate or the order overruling the second motion to vacate, which orders were entered at separate terms of court on motions filed at terms subsequent to the entry of the respective orders and the judgment, rendered such judgment final and conclusive."

This proposition is in the nature of the plea of res adjudicata, which, in view of the prior decisions of this court, would not and could not be good, as the court holds that this is a judgment void on its face, and the fact that the defendant Kelahey did not appeal from the orders overruling prior motions to vacate did not affect his right to file subsequent motions for the reason, as set out in the statute, that a void judgment may be attacked at any time by a party affected thereby.

In the case of Southwestern Surety Ins. Co. v. Farriss, 118 Okla. 188, 247 P. 392, the fourth paragraph of the syllabus of the court reads as follows:

"Being void, such judgment cannot thereafter be validated by an order of the same court denying a motion or petition to vacate same, and neither the void judgment nor the order denying the petition to vacate can operate as an estoppel under a plea of res adjudicata in a subsequent action between the same parties. The lack of judicial power to decree the lien inheres in every subsequent proceeding by which color of authority is sought to be imparted to the void portion of said judgment."

Judgment of the trial court affirmed.

BAYLESS, V. C. J., and RILEY, BUSBY, GIBSON, and HURST, JJ., concur. OSBORN, C. J., and WELCH and PHELPS, JJ., absent.