Jeanette NUCKOLLS, Plaintiff in Error,

v.

Jay F. NUCKOLLS, Defendant in Error.

No. 38816.

Supreme Court of Oklahoma.

Oct. 25, 1960.

Rehearing Denied Nov. 22, 1960.

Jarman & Jarman, Oklahoma City, for plaintiff in error.

Miskovsky & Miskovsky, Oklahoma City, for defendant in error.

IRWIN, Justice.

This is an appeal by Jay F. Nuckolls, hereinafter referred to as defendant, from an order increasing the amount he is required to pay for support and maintenance

from $240.28 to $300 per month; and order directing him to pay $500 additional temporary attorney's fees; and an order or judgment adjudging him to be in contempt of court and sentencing him to be confined in the county jail for a period of six months unless he sooner purges himself of such contempt by paying $339.44 for support and maintenance payments due, and $500 additional temporary attorney's fees.

### Contentions

Defendant contends, inter alia, that (1) an order increasing payments for support and maintenance pending litigation of the divorce action, and an allowance of additional temporary attorney's fees, could not be made in the absence of an allegation and proof of a change in his financial condition enabling him to make the increased payments, (2) when a divorce action is pending and an ex parte order is entered directing certain payments be made for temporary attorney's fees and support and maintenance, or show cause why said payments should not be made; the party, who was directed to make such payments or show cause cannot be adjudged and sentenced for contempt of court for not making such payments, if pursuant to said order and at the time designated, he files a response setting forth why the payments should not be made, and the "show cause" and response thereto are still pending and undisposed of.

Plaintiff contends that orders pending the litigation of a divorce proceedings are in the nature of temporary injunctions or in the nature of restraining orders and are for the purpose of maintaining the matters in controversy in status quo until the issues can be resolved; that the order complained of became binding on the defendant from the time it was entered or at least from the time he had notice thereof, and the "show cause" provision did not abate the efficacy or alter the obligatory nature of said order.

### Facts

On July 21, 1958, Jeanette Nuckolls, hereinafter referred to as plaintiff, commenced divorce proceedings against defendant, and inter alia, prayed for an order allowing

$500 temporary attorney's fees, and $350 per month for support and maintenance pendente lite. On August 8, 1958, a hearing was had and defendant was directed to pay $250 temporary attorney's fees and $240.28 per month for support and maintenance.

On March 10, 1959, upon application of plaintiff, an ex parte order was entered which restrained defendant from interfering with or molesting plaintiff, enjoined him from disposing of his property, and directed him to pay $500 additional temporary attorney's fees and $350 per month for support and maintenance. This order also provided that defendant may on March 16, 1959, show cause, if any there be, why the order should not be complied with. Pursuant to said order and on March 16, 1959, defendant filed a response showing cause why the additional temporary attorney's fees should not be allowed and the monthly payments for support and maintenance should not be increased. He further alleged plaintiff was interfering with his business and would not permit him to visit the children and prayed that plaintiff be restrained from interfering with him and that he be granted custody of the children on Saturdays and Sundays.

On April 14, 1959, while the order to make the payments or show cause, and the response filed thereto, were still pending and undisposed of, and pursuant to an application by plaintiff, an order was signed by the presiding judge of the district court, who did not have the divorce action on his assignment, which stated defendant had wilfully, knowingly and intentionally failed to comply with the order of March 10, 1959, for the reason he had not made the payments as directed, had interfered with and molested plaintiff, and commanded defendant to appear on April 24, 1959, and show cause why he should not be punished for contempt and why he should not make full payment of the sums provided in the order of March 10, 1959, and why he should not be restrained from molesting plaintiff.

The citation for contempt was served on defendant April 22, 1959, and on April 24, 1959, defendant filed a motion to set aside the citation for contempt and to strike the application for citation. Defendant alleged, inter alia, that he had filed a response on the date designated to show cause; that on March 26, a preliminary hearing was had and continued to April 3rd; that the matter was re-set for hearing on April 9th; that by agreement of counsel, the hearing was postponed to April 14th; that on April 14th, the attorney for defendant appeared but the attorney for plaintiff did not appear and the assigned judge indicated the matter would be heard on April 16th; that on April 14th, there was submitted to the presiding judge, who did not have the divorce action on his assignment, the application for citation for contempt which citation was signed by the presiding judge and which neither defendant nor his attorney knew anything about until April 18th, when a letter was received from attorney for plaintiff; that the attorney for defendant appeared on April 16th, at the appointed time and the plaintiff's attorney did not appear; that defendant had diligently sought to have a hearing on his application to deny the additional money for support and attorney's fees.

On May 7, 1959, defendant filed a response to the application for citation for contempt and further denied that he had wilfully, knowingly, and intentionally disregarded the order of March 10th, but had complied with all its terms.

On May 7, 1959, the "show cause" order of March 10, 1959, and response thereto, the application and citation for contempt and response thereto, a demurrer to the application for citation and motion to vacate the order of March 10th, and to deny additional attorney's fees and support and maintenance were presented to the court. On hearing, the court reduced the support and maintenance from $350, as provided in the order of March 10th, to $300, and allowed the $500 additional attorney's fees to stand. The court found that on May 7, 1959, the defendant was in arrears the total sum of $339.44, under the order of March 10th, as modified, for support and maintenance, and in arrears $500 for additional attorney's fees; and that

by reason thereof, defendant had wilfully failed and refused to comply with the order of March 10th, and was in contempt of court and that defendant had molested plaintiff and disposed of his property in violation of the order of March 10th. Defendant was then adjudged to be in contempt of court for failure to pay the increase in support and maintenance, failure to pay additional temporary attorney's fees, for molesting plaintiff, and disposing of his property, and sentence was deferred until May 15, 1959.

On May 15, 1959, the defendant was sentenced and ordered confined in the county jail for six months for contempt of court, unless he sooner purges himself, or during such confinement purges himself of such confinement by paying $339.44 for support and maintenance and $500 for additional attorney's fees.

### Conclusions

 We will first consider the contempt proceedings. One of the grounds for which defendant was found to be in contempt was his disposing of property pendente lite. Although the order of March 10th enjoined defendant from disposing of property, the application for citation and the citation for contempt did not include this accusation. This is an indirect contempt proceeding and under Title 21 O.S.1951 § 567, a party charged with indirect contempt shall be notified in writing of the accusations. Since the application for citation and the citation for contempt did not include the issue of disposing of property, the court was without power or authority to hold defendant in contempt for disposing of property.

Another ground for holding defendant in contempt of court was for interfering with and molesting plaintiff in violation of the order of March 10th. Although defendant was sentenced for contempt of court, which included that of molesting and interfering with plaintiff, he was sentenced to be confined in the county jail "for six months from this date for contempt of court, unless defendant sooner purges himself of such contempt by paying $339.44 for the support

* * * and $500.00 additional attorney's fees * * * ; and upon the payment of such amounts, said defendant shall be released from this order of confinement. * * *." It is apparent the punishment inflicted was for failure to pay the additional attorney's fees and support and maintenance, and not for molesting and interfering with plaintiff. We will therefore consider the contempt proceedings with reference to failure to make such payments.

In overruling defendant's motion to set aside the citation for contempt and to strike the application for contempt, the trial court relied on Owens v. Owens, Okl., 264 P.2d 341; and Kelly v. Maupin, 177 Okl. 44, 58 P.2d 116. In the Owens case the validity of that portion of a judgment in a divorce case which allowed attorney's fees against the husband after granting a divorce was questioned. The trial court ordered and decreed the husband should pay the attorney's fees and this Court held the order was not void whether it directs such payments to the wife, or the clerk, for the use and benefit of the attorney for the wife or to the attorneys themselves. There was no alternative in the order to "show cause if any there be, why it should not be paid." The Kelly case was an action by an attorney for fees in a divorce action. The husband had been directed to pay temporary attorney's fees or appear and show cause for failure to do so. The husband ignored the order, did not appear and show cause why the payment should not be made and he and his wife agreed to dismiss the case. This Court held a valid court order directing the payment of an attorney's fee by one of the parties to a divorce action creates an enforceable legal obligation to pay the same. These cases are readily distinguishable from the case at bar and are not applicable.

 In the instant case, the order of March 10, 1959, directed the defendant to pay $500 additional temporary attorney's fees and increased the monthly payments from $240.28 to $350 for support and maintenance pendente lite. The order also contained the following proviso:

"The defendant may show cause, if any there be as to why any of the provisions of this order, requiring payments to be made, or any acts to be done, should not be complied with, on the 16th day of March 1959, * * *."

By the express language of the order for which defendant was adjudged and sentenced for contempt, defendant had an alternative in complying with the order and either means by which he chose to comply was as effective as the other. He could either make the payments as directed or he could "show cause" for not making the payments on March 16th. Defendant chose to "show cause" for not making the payments and on March 16, 1959, filed his response setting forth why he was not able, did not have the funds, income nor the means to make such payments and stood ready and willing to show cause.

By agreement of the attorneys for both plaintiff and defendant, and with the acquiescence of the assigned trial judge, hearing on the order to show cause and response thereto was still pending and undisposed of on April 14, 1959, the date the citation for contempt was issued by another trial judge. Pending hearing, the defendant continued to pay $240.28 per month for support and maintenance as provided for in a previous order, but he did not pay the increase for support and maintenance and the additional attorney's fees for the reason the determination whether the sums should be paid was still pending.

Title 21 O.S.1951 § 565, prescribes that an indirect contempt of court shall consist of wilful disobedience of any process or order lawfully issued or made by court. Since the defendant did not disobey the order of March 10th, but to the contrary, complied with its expressed provisions, the order and judgment adjudging defendant to be in contempt of court and sentencing him are void and of no force and effect.

We will next consider defendant's contention that an order allowing additional temporary attorney's fees and increasing

support and maintenance during pendency of the divorce action, could not be made except on a showing of a change in the financial condition of the defendant enabling him to make such payments. We must be cognizant of the fact that defendant appeals from the order of May 7, 1959, which increased the support and maintenance from $240.28 to $300 per month pendente lite and which allowed $500 additional temporary attorney's fees. This is not a final order but a temporary order which allows support and maintenance and temporary attorney's fees pending the litigation and final determination of the issues involved; that is, the question of divorce, property settlement, alimony, child support and custody of the children. The general rule is that an order allowing attorney's fees and support and maintenance pendente lite is not such an order as is reviewable by the Supreme Court in a proceeding in error, and such an appeal will be dismissed. See Elliott v. Elliott, Okl., 279 P.2d 328; Moore v. Moore, 87 Okl. 269, 210 P. 728.

However, the order allowing the temporary attorney's fees and support and maintenance pendente lite is not the only issue involved in this appeal. We are also confronted with contempt proceedings wherein defendant was sentenced to the county jail for six months unless he sooner purges himself by making the payments complained of in this appeal. Therefore, under the circumstances in this case, an exception should be made to the general rule, and this Court should review the order to determine if the amount for support and maintenance and temporary attorney's fees is excessive. The record does not indicate that such sums are excessive.

That portion of the judgment granting the additional temporary attorney's fees and increasing the monthly payments for support and maintenance is affirmed. That portion of the judgment adjudging defendant in contempt of court for failure to make such payments and sentencing him to confinement in the county jail for six months unless he sooner purges himself of such

contempt by making such payments is reversed.

Affirmed in part, reversed in part.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, JOHNSON, JACKSON and BERRY, JJ., concur.

BLACKBIRD, J., concurs in part and dissents in part.