UNION OIL COMPANY OF
CALIFORNIA, Appellant,

v.

Hazel Irene BROWN, Vernon E. Reuter and Mary Margaret Reuter, Harry Dorwin Chiles and Barbara Ann Chiles and the Corporation Commission of the State of Oklahoma, Appellees.

No. 52042.

Supreme Court of Oklahoma.

Sept. 29, 1981.

Rehearing Denied March 22, 1982.

---

Larry Derryberry, Atty. Gen., Harvey Cody, Conservation Atty., Charles B. Davis, Commission Atty., Oklahoma City, for Oklahoma Corp. Commission.

Robert J. Emery, Lytle Soule & Emery, Oklahoma City, for appellant, Texas Oil & Gas Corp.

H. B. Watson, Jr., Richard K. Books, Watson, McKenzie & Moricoli, Oklahoma City, for Union Oil Co. of California.

John R. Robertson, Jr., George, Kenan, Robertson & Lindsey, Oklahoma City, for Hazel Irene Brown, appellee.

Gordon F. Brown, Brown & Lockhart, Oklahoma City, for Vernon E. Reuter, Mary Margaret Reuter, Harry Dorwin Chiles and Barbara Ann Chiles.

HARGRAVE, Justice.

The action here presented for review on appeal from order No. 138347 of the Corporation Commission involves Section 21, Township 12 North, Range 8 West, of Canadian County, Oklahoma.

The first filed application for an order was that of Union Oil Company of California for authorization to drill an additional well, filed September 1, 1977. Thereafter, on September 14, 1977, Vernon E. and Mary Reuter, Harry and Barbara Chiles filed an application to delete the same Section 21 from a previously established drilling and spacing order forming 640 acre units for production in the Hoxbar formations seeking 80-acre spacing for the section.

Two days after the above application, September 16, Hazel Irene Brown filed an application for an order deleting said Section 21 from the same previous order, No. 131699, aforementioned, and sought formation of 80-acre units for production in the Hoxbar. Applicant Brown sought alternative relief of modification of the order by a determination that the Hoxbar group under Section 21 was predominately oil producing while Sections 16, 20, 29, 32, 33 and 34 produce predominately gas.

These causes were heard by the trial examiner on October 26, 1977, and his report was filed January 18, 1978. Union Oil of California filed its exceptions to the report and a hearing was set thereon March 6, 1978. At approximately the same time, Union Oil filed an application for an emergency order requesting authority to drill a second well in the section. Applicant Brown thereupon requested Union's exceptions to the report of the trial authority be stricken from a March 8 hearing date and heard instead at the same time as the application for an order, and that request was granted.

Order No. 138347 was issued on 16 February 1978 as a result of the February 6, 1978 hearing. Petitions in error alleging error in the issuance of order No. 138347 were filed by Texas Oil & Gas Corporation as well as the Union Oil Company of California. Subsequent to initiating its appeal, Union Oil of California requested and was granted an order dismissing its appeal in this cause. A limited order of dismissal has been heretofore issued dismissing Union's appeal.

The appellant Texas Oil & Gas alleges two propositions of error in its brief to this Court. First it is stated that the Commission's order is erroneous inasmuch as the order was made retroactive to a date before that on which relief was requested.

As the appellee has noted, in an action for an injunction the pleadings and subsequent determination of the parties' rights refer to the point in time of the commencement of the action. *Gibson v. Kelley*, 169 Okl. 218, 36 P.2d 1111 (1934). Appellant, however, contends that the relief may not become effective prior to the filing of a prayer therefor. Such a statement comports favorably with the general rule applicable to judicial proceedings to the effect that a judgment outside the scope of the issues presented for determination by the Court is of no force and effect, or *coram non judice*, and void at least insofar as it goes beyond the issues. *La Bellman v. Gleason & Sanders, Inc.*, 418 P.2d 949, Okl.; *Osage Oil & Refining Co. v. Continental Oil Co.*, 34 F.2d 585 (CA 10 1929); *Hinkle v. Jones*, 180 Okl. 17, 66 P.2d 1073 (1937). However, such a scenario is not present in this action. Union's application for an additional well was filed on September 1. Fourteen days later an application was filed to create 80-acre units after deletion of Section 21 from the previous order. On the 16th of the same month a second application to despace was filed. The first application filed by Union sought permission to drill an additional well. Had there been no application to re-space filed against this land, the application to drill an additional well expressly gave the Corporation Commission the jurisdiction to respace under the statute applicable here. 52 O.S.Supp.1977 § 87.1(d) states in part:

*The Commission shall have jurisdiction* upon the filing of a proper application therefor, and upon notice given as provided in subsection (a) above, *to decrease* the size of the well spacing units *or to permit additional wells* to be drilled within the established units, upon proper proof ... (Emphasis added.)

Under this statutory authority the Commission may grant either relief mentioned in the statute best suited to prevention of waste and protection of the correlative rights of the parties. The effective date of the order is after the Commission was requested to act under the last quoted Section of 87.1(d), by application, and the Commission had the jurisdiction to issue the order effective after such application. However, it is the determination of this Court that the effective date of Order No. 138847 should be modified to the date of filing of the order, to wit: February 16, 1978, inasmuch as the determination to predate such order is not supported by substantial evidence.

■ Appellant's second proposition of error states that an order of the Corporation Commission which unnecessarily destroys a vested right is invalid. Appellant contends the Corporation Commission's order unnecessarily destroyed a vested right embodied in an oil and gas lease. Such a contention is not persuasive of the error alleged. The Commission did not act to change appellant's vested rights in its lease. The Commission granted relief from the continued existence of a 640-acre spacing unit shown to be productive of oil. The oil and gas conservation statutes specifically disapprove of units of that size productive of oil. 52 O.S.Supp.1977 § 87.1(d) states in part:

... The Commission shall not establish well spacing units of more than 40 acres in size covering common sources of supply of oil, the top of which lies less than 4,000 feet below the surface as determined by the original or discovery well in said common source of supply. The Commission shall not establish well spacing units of more than 80 acres in size covering common sources of supply of oil the top of

which lies less than 9,990 feet and more than 4,000 feet below the surface....

This statutory provision clearly attempts to prohibit large units consisting of the more shallow formations. While the statute prohibits formation of these units in the first instance, the legislative intent therein expressed is broad enough to authorize the Commission to delete and modify units which are demonstrated by change in knowledge of the conditions within the formation (by further development of the field or otherwise) to come within the scope of the last quoted provision of 52 O.S.1977 Supp. § 87.1(d).

■ The provisions of 52 O.S.1977 Supp. § 87.1(d) as discussed give the Commission jurisdiction to decrease the size of a well spacing unit or permit additional wells upon proof that such action will: (1) prevent or assist in preventing waste, or (2) protect or assist protection of correlative rights of interested parties. 52 O.S.1971 § 111 requires that modification of the order be for conditions not obtaining or known at the time of the original order. Proof that knowledge of the conditions presently comes within the statutory proscription against large, shallow oil units is contained in the immediately following provision of the same statute and subsection. 52 O.S. 1977 Supp. § 87.1(d) is statutorily mandated proof sufficient to empower the Commission to modify a unit by: 1. decreasing unit size, or 2. allowing additional wells. Under such a statute the appellant can make no indefeasible claim to the continuation of an oil unit shown to be larger than the statutory inhibition. Indeed, the statutory intendment is exactly the contrary. Appellant's claim of unnecessary destruction of his vested rights must then rest in his lease contract. However, the Corporation Commission's deletion of the one section unit and subsequent formation of four separate units thereon does not interfere, or even touch upon, the appellant's lease or the parties' contract rights. In effect, the unit previously created had suspended the lessor's ability to enforce certain of the provisions of the contract against appellant. Appellant's claim of unnecessary interference with his contractual rights, properly con-

sidered, is the renewed ability of the lessor to enforce the lease contract.[1] When the leases were tied into a unit of a section, the lessors' ability to demand a release for failure of production in paying quantities from the lease premises after the primary term was suspended by operation of law. The reformation of the larger unit into four units does nothing except remove the lessor's inability to enforce the contract. Consequently, it is determined here that the complained of respacing is statutorily authorized and is not a prohibited interference with the lessee's rights.[2] The two offered propositions fail to demonstrate reversible error and the questioned order of the Corporation Commission is AFFIRMED AS MODIFIED.

IRWIN, C. J., BARNES, V. C. J., and HODGES, LAVENDER, SIMMS, DOOLIN and OPALA, JJ., concur.

---

1. This opinion is not to be construed to decide those contractual rights here mentioned.

2. It is instructive to note in this connection that the oil and gas conservation statutes are an exercise of the police power of the State and through the exercise of that power, vested rights may be affected. *Anderson Prichard Oil Corp. v. Corp. Commission*, 205 Okl. 672, 241 P.2d 363 (1951), Appeal dismissed, 342 U.S. 938, 72 S.Ct. 562, 96 L.Ed. 698.