Bill BOYCE, Appellant,

v.

CORPORATION COMMISSION OF OKLAHOMA, G.E. Smith, and Hold Oil Corporation, Appellees.

No. 66128.

Court of Appeals of Oklahoma, Division 4.

June 30, 1987.

Rehearing Denied July 27, 1987.

Certiorari Denied Oct. 27, 1987.

George W. Oliphant, Holdenville, for appellant.

John R. Reeves, Jay C. Jimerson, Mock, Schwabe, Waldo, Elder, Reeves & Bryant, Oklahoma City, for appellee G.E. Smith.

BRIGHTMIRE, Presiding Judge.

■ Did corporation commission err when it vacated respacing order as to non-notified mineral owner and restored his rights and entitlements under the previous spacing until modified after a due process hearing?

We hold it did not and affirm.

### I

Following completion of a producing oil well on his land in March 1982, Bill Boyce made application with the corporation commission to vacate a 320–acre gas drilling and spacing unit and establish forty-acre drilling and spacing units for oil production in common sources of supply underlying the unit, including the producing Cromwell formation. On December 7, 1982, the commission entered a despacing order, No. 229301, with an effective date of October 21, 1982 (1982 order), fixing forty-acre oil spacing for the Cromwell common source of supply in the N/2 of Section 12, Township 6 North, Range 10 East, Hughes County, Oklahoma.

G.E. Smith, a mineral interest owner in the W/2 NE/4 of Section 12 then stopped receiving royalty checks, and when he asked why was told he had been spaced out of the gas producing unit. Thereafter, he filed an application to vacate the 1982 order because he had not received actual notice of the proceeding in which the order was entered. The first hearing on the application to vacate was held June 7, 1983, and in her report the trial examiner recommended granting the relief requested. On September 21, 1984, a subsequent hearing was held before a referee who affirmed the trial examiner's recommendation. Exceptions to the referee's findings were heard by the commission en banc December 17, 1984. By Order No. 272993, the commission vacated the 1982 order "insofar as such order purports to effect [*sic*] in any manner the interest of G.E. Smith." This February 8, 1985, order resulted in Smith's interest being subject to a 320–acre drilling and spacing unit while the other mineral interest owners were bound by the forty-acre spacing units established by the 1982 order.

On April 12, 1985, Boyce filed an application to vacate the February 8 order, to respace Smith and to determine the effect of the 1982 order upon Smith's interest. Boyce sought to have Smith respaced effective October 21, 1982, so as to have consistent spacing orders regarding all mineral interest owners. The application recited that four producing oil wells had since been drilled on forty-acre spacing to the Cromwell common source of supply. The hearing officer who considered this application

concluded that forty-acre drilling and spacing units should indeed be established as to Smith's interest, but that Boyce's attempt to have an effective date of October 21, 1982, constituted a prohibited collateral attack on the February 8, 1985, order, and therefore the despacing order should be made effective as of the date it is signed. The appellate hearing officer recommended affirming that report but also found that the commission has authority to make orders retroactive to the date relief was first requested in that proceeding.

Exceptions to the appellate hearing officer's report with respect to the effective date of the despacing order were heard by the commission en banc October 16, 1985. On February 19, 1986, the commission entered Order No. 293186 granting Boyce's application to respace Smith's interest in the Cromwell common source of supply underlying the N/2 of Section 12 effective as of April 12, 1985, the date Boyce filed his application to respace Smith's interest.

Boyce appeals the commission's refusal to order the same effective date as the 1982 order, arguing that the commission erred in failing to reconcile conflicting spacing orders which existed from October 21, 1982, to April 12, 1985.

## II

Boyce engages the opposed order with a multi-prong attack through five propositions of error, all of which condemn the commission's refusal to make the Smith respacing order effective on the same date as the 1982 order. Boyce's basic thesis is that it is contrary to legal and equitable principles for the commission to make April 12, 1985, the effective date of the order because all interested parties except Smith were bound by the 1982 order.

Smith counters with the argument that the "Commission has the [limited] authority to make its orders retroactive only as far back as the date of the filing of the application" and that application to respace *his* interest was not made until April 12, 1985. He further contends that backdating the order would violate the "due process of law" provision of the Oklahoma and United States constitutions, and constitute a prohibited collateral attack upon the 1985 order vacating the forty-acre spacing as to his interest.

Both parties are of the opinion that vested property rights are at issue. Boyce contends that the rights of parties bound by the 1982 order will be divested by an April 12, 1985, effective date. Smith maintains that predating the order would violate Okla. Const. art. II, § 7, and U.S. Const. amend. XIV, § 1, by depriving him of property without due process of law.

The applicable standard of review is found in Okla. Const. art. IX, § 20:

"The Supreme Court's review of appealable orders of the Corporation Commission shall be judicial only, and in all appeals involving an asserted violation of any right of the parties under the Constitution of the United States or the Constitution of the State of Oklahoma, *the Court shall exercise its own independent judgment as to both the law and the facts.* In all other appeals from orders of the Corporation Commission the review by the Supreme Court shall not extend further than to determine whether the Commission has regularly pursued its authority, and whether the findings and conclusions of the Commission are sustained by the law and substantial evidence." (Emphasis added.)

And regardless of whether it falls within the first or second category the appealed order must be lawful and supported by competent and substantial evidence. *Anderson–Prichard Oil Corp. v. Corporation Commission*, 205 Okl. 672, 241 P.2d 363 (1951).

Turning now to Smith's argument that the commission does not have authority to make its orders retroactive beyond the date of application, we note it is based on the provisions of 52 O.S.1981 § 87.1. This statute deals with spacing and drilling units and with regard to spacing modifications provides:

"(d) The Commission shall have jurisdiction upon the filing of a proper application therefor, *and upon notice given as provided in subsection (a) above* ...." (Emphasis added.)

So the question is what effect does this notice requirement have on the

authority of the commission to give or refuse to give an order retrospective effect? For an answer both parties cite *Union Oil Co. of California v. Brown*, 641 P.2d 1106 (Okl.1981), each interpreting it differently. What the *Brown* court concluded was, however, that where a request to backdate the effective date of a commission order is "supported by substantial evidence," the commission may make an order retroactively effective to the date the application was filed but not earlier. The evidence which governs such a decision here is that which is relevant to the issue of notice raised previously by Smith. More specifically it is the effect of Boyce's failure to use reasonable diligence in giving Smith constitutional notice of the 1982 hearing. If Boyce could have given actual notice but failed to do so the original order is void as to Smith. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Cravens v. Corporation Commission*, 613 P.2d 442 (Okl. 1980). Boyce views *Brown* as requiring the commission to backdate its 1985 order to the date his original application to respace the unit was filed in 1982. Smith, on the other hand, says the commission cannot do so because application to adjudicate his rights was not filed until April 12, 1985, and under such circumstances the commission need not, indeed it could not, give any order affecting Smith's interest retrospective effect.

The evidence adduced in support of Smith's motion to vacate the 1982 order as to him was substantial. It was that his correct mailing address was readily accessible to Boyce in Smith's oil leases filed in the county records—leases Boyce said he saw but did not look at "very closely." Furthermore, notwithstanding the certified letter sent to notify Smith of the impending respacing was incorrectly addressed and returned to Boyce prior to the hearing, no further attempt was made by Boyce to determine Smith's correct address. Boyce was afforded ample opportunity to demonstrate the diligence of his efforts—a material consideration in determining the effect of the 1982 order on Smith's interest—and the effort shown justifies the commission's conclusion that Boyce failed to exercise due diligence in attempting to notify Smith and hence violated Smith's constitutional rights. The commission therefore concluded that the 320–acre spacing should remain in effect as to Smith until later modified by the order which is the subject of this appeal. In other words the commission held that Smith was entitled to his proportionate share of the production royalties accruing in the 320–acre unit until his interest became a proper subject of adjudication by the commission.

We think the commission reached the right decision—one that is fair, just, reasonable and protective of constitutional rights. To hold otherwise would have the effect of excusing, in fact condoning, the very violation of rights upon which vacation of the 1982 order was based. It would nullify Smith's constitutional right to due process and in effect eliminate the need for any spacing applicant to ever exercise diligence in giving notice. To escape the effect of his dereliction of duty Boyce contends that such a holding would cause "many problems such as determining parties necessary to be notified ... [and] [a]bstracting costs, as well as attorney fees for title examining would be terrific." Such expenditures, however, are well-established necessities of doing business in the oil patch. The alternative is infinitely less acceptable—making recognition of one's due process rights unnecessary. We hold that failure to exercise the requisite degree of "diligence" in fulfilling notice obligations carries with it the risk of being held accountable for the results, no matter how "inconvenient" they may be.

III

We hold that the findings of the commission are supported by competent and substantial evidence and the law. We accordingly affirm its conclusions in Order No. 293186.

RAPP, J., concurs.

STUBBLEFIELD, J., dissents.