2011 OK CIV APP 25

**Darrin HARGROVE, Plaintiff/Appellee,**

v.

**Vicki HARGROVE, Defendant/Appellant.**

**No. 107,066.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Jan. 28, 2011.

James Fatigante, Tulsa, OK, for Appellant,

J. Eric Jones, Muskogee, OK, for Appellee.

LARRY JOPLIN, Judge.

¶1 Defendant/Appellant Vicki Hargrove (Mother) seeks review of the trial court's order modifying the parties' divorce decree. In this appeal, Wife asserts the trial court erred in (1) determining the income of Plaintiff/Appellee Darrin Hargrove (Father) for purposes of child support calculation, and (2) granting relief not requested.

¶2 The parties divorced by decree filed in March 1998. The decree awarded Father and Mother joint custody of the two minor children (then five and two years old) and primary custody to Mother. It is unclear from the record, however, the extent to which Father was obligated to pay child support, or actually paid child support.

¶3 On February 21, 2008, Father filed an Application for Emergency Order, alleging Mother's verbal abuse of the younger child, and the younger child's threat to harm himself if not removed from Mother's custody. Father accordingly sought emergency custody of the children and suspension of Mother's visitation. On February 22, Father filed his Motion to Modify custody, repeating the allegations of Mother's abuse of the younger child and the child's threats of harm to himself.

¶4 By order filed February 28, 2008, the trial court granted emergency temporary custody of the children to Father and limited visitation to Mother pending psychological testing of the younger child. By responses to Father's motion to modify filed on March 18 and March 20, 2008, Mother denied abuse of her children, and objected to modification of the decretal custody provisions. Mother alleged the younger child admitted his threat to harm himself "was not a real threat," and that the children's school performance had suffered while in Father's custody.

¶5 At a hearing in January 2009, Father testified concerning the behaviors, medical needs and school performance of the children while in his custody and the custody of Mother. Father testified he had earned approximately $25,000.00 per year in previous years,

but invoked his privilege against self-incrimination when questioned about the filing of his tax returns for those years. Mother testified to her annual earnings of about $84,000.00 per year.

¶6 On consideration of the testimony, including evidence of the psychological evaluation of the younger child, the trial court granted Father's motion to modify, and awarded him primary custody of the children subject to Mother's visitation. The trial court set child support based on the parties' income as they testified.

¶7 The parties could not agree on the terms of the journal entry of judgment, and Father filed a motion to settle. The trial court executed a journal entry memorializing its previous decision prepared by Father which, over Mother's objection, included a provision granting him a judgment for an unpaid child support arrearage of $6,586.62, on the trial court's hand-written finding that "it omitted at trial to set a start date for payment of child support [and] omitted to set an arrearage."

¶8 The journal entry of judgment was filed April 7, 2009, but contained no certificate of mailing to Mother. Mother mailed her petition in error to the Supreme Court Clerk on May 7, and the Supreme Court Clerk filed the petition in error on May 8.

¶9 We first note Father asserts in his brief Mother did not timely commence the instant appeal within thirty days after filing of the journal entry of judgment, and this appeal should accordingly be dismissed. We disagree.

¶10 First, the journal entry of judgment, prepared by Father, did not contain a certificate of mailing to Mother. Under this circumstance, Oklahoma Supreme Court Rule 1.21(a), 12 O.S., Ch. 15, App. 1, granted Mother thirty days after the date of mailing of the judgment (April 24) to file her petition in error, and Mother filed her petition in error within thirty days of mailing. Second, Mother mailed her petition in error to the Supreme Court Clerk on May 7, the Clerk filed the petition in error on May 8, and, pursuant to Okla.Sup.Ct.R. 1.4 and 12 O.S. 2001 § 990A, the petition in error was timely submitted. Father's motion to dismiss is denied.

¶ 11 In her first proposition, Mother challenges the trial court's order setting child support. Particularly, Mother asserts that, given Father's claims of privilege and refusal to testify concerning his reported taxable income for previous years, the trial court should have imputed greater income to Father for purposes of calculating child support.

¶ 12 "All child support shall be computed as a percentage of the combined gross income of both parents." 43 O.S. Supp.2007 § 118(E)(1). In determining the amount of child support, the trial court may consider actual earnings, or may impute earnings which the obligor is capable of earning. 43 O.S. Supp.2007 § 118(E)(4). "Matters relating to child support are addressed to the sound legal discretion of the trial court, and will not be reversed absent a showing of abuse of discretion, or that the decision is against the clear weight of the evidence." *Arehart v. Arehart,* 2006 OK CIV APP 4, ¶ 10, 128 P.3d 1116, 1119. (Citation omitted.)

¶ 13 In the present case, counsel for Father advised him to invoke his privilege against self-incrimination when queried about the filing of his previous years' tax returns. Father testified to his average annual income over the previous four or five years, and the trial court calculated child support based on his testimony. We cannot say the trial court's calculation of child support, based on Father's testimony of income, is so affected by an abuse of discretion, or is so clearly against the weight of the evidence, as to warrant appellate intervention.

¶ 14 In her second proposition, Mother asserts the trial court erred in granting Father a judgment for accrued child support when Father sought no such adjudication, either in the pleadings or at trial.

¶ 15 Fundamental notions of due process assure that a litigant receive notice of the issues in controversy, and an opportunity to be heard. *See, e.g., Booth v. McKnight,* 2003 OK 49, ¶ 18, 70 P.3d 855, 862.[1] Indeed, it has been recognized that "a judgment outside the scope of the issues presented for determination by the Court is of no force and effect, or coram non judice, and void at least insofar as it goes beyond the issues." *Union Oil Co. of California v. Brown,* 1981 OK 112, ¶ 7, 641 P.2d 1106, 1108; *La Bellman v. Gleason & Sanders, Inc.,* 1966 OK 183, ¶¶ 11–12, 418 P.2d 949, 953–954. (Citations omitted.)

¶ 16 In the present case, Father made no claim to accrued child support until he submitted a proposed journal entry in the proceedings on motion to settle. Mother has not been afforded prior notice or a meaningful opportunity to address the issue of an accrued child support arrearage, if any.

¶ 17 More importantly, and apart from any notice issue, the trial court imposed no temporary child support obligation on Mother. Absent an order for temporary child support, Oklahoma law does not authorize entry of a judgment for a child support arrearage on a change of custody. See, 43 O.S. Supp.2007 § 118(E)(16)(b)(2).[2]

¶ 18 That part of the trial court's order setting Mother's child support obligation is AFFIRMED. That part of the trial court's order granting Father a judgment for accrued unpaid child support is REVERSED.

MITCHELL, P.J., and BUETTNER, J., concur.

1. "The terms of the Fourteenth Amendment to the U.S. Constitution and those of Article 2, section 7 of the Oklahoma Constitution forbid the state from depriving any person of life, liberty, or property without due process of law. While the core element of due process is the right to be heard, that element would have no value unless advance notice is afforded of the hearing at a meaningful time and in a meaningful manner. The person to be affected must be fairly and timely apprised of what interests are sought to be reached by the triggered process. Notice and opportunity to be heard must be provided in such a way that a person can intelligently decide in advance whether to appear at the hearing and contest the matters in issue or acquiesce in their in absentia resolution and assume the risk from consequences attendant upon a default."

2. "All final orders shall state whether past due support ... has accrued *pursuant to any temporary order* and the amount due, if any[,] [and] failure to state a past due amount shall not bar collection of that amount after entry of the final support order." (Emphasis added.)